No. 85.—ELIZABETH WOODS, administratrix of William Woods, deceased, plaintiff in error, *vs.* ANDREW HOWELL, defendant.

[1.] An action brought for the recovery of negro slaves, being an action for a wrong which has benefited the estate of the wrong-doer, does not abate by the death of the defendant.

[2.] The 12th section of the Judiciary Act of 1799, does not command, that where the defendant shall die, the plaintiff shall sue out *scire facias* instantly, upon the expiration of twelve months from the grant of letters to the administrator, and at no time afterwards; but is simply permissive in this respect, and allows the same to issue at any reasonable time thereafter.

*Scire facias*, in Lumpkin Superior Court. Tried before Judge IRWIN, October Term, 1854.

An action of trover for negroes had been brought by Andrew Howell against William Woods, who died pending suit. Elizabeth Woods took out letters of administration on his estate; and about fifteen months after the grant of the letters, the plaintiff sued out *scire facias* to make her a party to the suit.

The administratrix objected to being made a party, on two grounds—

1st. That the action abated by the death of William Woods.

2d. That *scire facias* to make the said Elizabeth a party, could not issue after the expiration of so long a time from the granting of her letters of administration.

Both objections were over-ruled by the Court; and the defendant excepts, and assigns the same as error.

MARTIN, represented by McDONALD, for plaintiff.

AKIN, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] It was undoubtedly the rule at Common Law, that where the action "was founded upon any *malfeasance* or *misfeasance*, was a *tort*, or arose *ex delicto*"; such, for example, as trespass for taking goods, trover, false imprisonment, assault and battery, slander, &c. the maxim, *actio personalis moritur cum persona* applied. The Statute 4 *Edw. III. ch.* 7, so far modified this rule, as to permit executors, &c. to "have an action for trespass done to their testators, as of the goods and chattels of the said testators carried away in their life." And it seems also to have been well settled, that where the deceased, by a tortious act, acquired the property of the plaintiff by converting it to his own use, and the estate of the deceased was thus benefited, although no action of trover or trespass would lie, yet the law would afford the plaintiff *some form of action.* (*Kinsey vs. Heyward*, 1 *Cowp.* 375. *Cravath vs. Plympton, adm'r.* 13 *Mass.* 453. *Hambly vs. Trott*, 1 *Cowp.* 373.)

By the 12th section of our Judiciary Act of 1799, it was enacted, that no suit shall abate by the death of either party, where the cause of action would survive in the same, or any other form.

Now we have shown that such a cause of action as this before us would survive, in some form, at Common Law. It fol-

lows then, that under the above provision of our law, this suit would not abate, even if the action were, in form, an action of trover.

But such it is not. It is framed according to the new forms; and is essentially different in its structure from the action of trover. It does not depend upon the allegation of a trespass or tort for its support; and in its nature, is perhaps allied to those forms which, upon such a cause of action, might be supported at Common Law, after the death of the defendant.

[2.] That section of our Judiciary Act of 1799, which declares, that where the defendant shall die, "it shall and may be lawful for the plaintiff to issue a scire facias in manner aforesaid, immediately after the expiration of twelve months," &c. is permissive as to the time specified. . It was not intended to command that the scire facias should be then instantly issued, or never afterwards. The language used is: "It shall and may be lawful," &c. ; and this clearly shows, that the design of the Legislature was what we have declared. If it be issued in any reasonable time thereafter, we think it is lawful. And this scire facias was issued within such reasonable time.

Judgment affirmed.