WELLBORN *et al.,* executors, *v.* JONES *et al.*

GILBERT, J. An equitable suit was brought against E. W. Butt et al. After the filing of such suit Butt died testate. Pursuant to section 5599 of the Civil Code of 1910 the plaintiff sued out a scire facias requiring the executors to be made parties defendant and to answer the said cause. The executors, Wellborn et al., filed an answer objecting to being made parties, on the grounds: first, that twelve months had not elapsed since the probate of the will and qualification of the executors of said Butt; second, because the action entirely abated on the death of E. W. Butt as to him, and did not survive against the respondents. The third ground is an elaboration of the second. The court rendered a judgment making the respondents parties defendant as executors of E. W. Butt, as prayed. The exception is to that judgment. *Held:*

1. Such judgment was not a final disposition of the cause, nor final as to any material party thereto. Therefore the writ of error was prematurely brought. Civil Code (1910), § 6138. The Supreme Court has no jurisdiction to pass upon the assignment of error making the representatives of the estate a party, it not appearing that there had been a final judgment in the original case. The writ of error must therefore be dismissed. Compare *Ray* v. *Anderson,* 117 *Ga.* 136 (43 S. E. 408); *Wikle* v. *Jones,* 131 *Ga.* 37 (61 S. E. 1124); *Workingmen's Union Asso.* v. *Reynolds,* 138 *Ga.* 123 (74 S. E. 838); *Johnson* v. *Holmes,* 150 *Ga.* 195 (103 S. E. 157).

2. When E. W. Butt died the suit, as to him, was left pending in the court. Even if the suit was of such character as would abate on the death of the defendant, as contended in the answer of respondents, as a matter of law it was not disposed of, but would remain on the docket until an order or judgment of the court was passed dismissing the suit as to Butt. When it was made to appear that the defendant Butt was dead; that he left a will naming executors; that the will had been probated and the executors had qualified, the making parties of the executors followed as a matter of course. Until the executors had by formal order of the court been made parties, the court was powerless to make any disposition of the case as to Butt, and the respondents were not in a position to plead in the case that the suit as to Butt abated on his death. After they had been made parties defendant, the respondents could properly raise the issue as to such abatement, and pray that it be dismissed as to the deceased defendant.

*Writ of error dismissed. All the Justices concur, except Russell, C. J., dissenting.*

No. 3446. JULY 12, 1923.

Equitable petition. Before Judge J. B. Jones. Union superior court. September 23, 1922.

*J. G. Collins, O. J. Lilly,* and *T. S. Candler,* for plaintiffs in error. *W. A. Charters,* and *H. H. Perry,* contra.