HAND TRADING CO. *v.* CITIZENS BANK OF MOULTRIE.

BECK, P. J. The Citizens Bank of Moultrie brought suit in the superior court of Colquitt County against G. T. Demott and J. R. Merritt, of that county, and Hand Trading Co., of Mitchell County. Demott was the guardian of Merritt prior to the 5th of May, 1923, and during such guardianship executed and delivered to the bank certain deeds to secure a debt contracted by him as guardian. The deeds covered lands belonging to Merritt. Subsequently to the execution of the deeds to the bank Demott also executed deeds to the trading company for the purpose of securing debts for supplies furnished by the trading company to him as guardian. After Merritt attained his majority, he executed a deed to the bank for the indebtedness which Demott incurred at the bank, and also to secure the sum of $350 advanced to him at the time of the execution by him of the deed last referred to. The bank brought its proceeding to foreclose its loan deeds against Merritt and for the purpose of having its lien on the lands decreed to be superior to any lien thereon held by Hand Trading Company arising from the execution of the deeds executed to it by Demott. The petition contained a prayer that the court decree that the special lien of the petitioner against the property described in the petition be superior to the lien of Hand Trading Company; and also petitioner prayed that the court decree a sale of the lands, and by decree fix the rank of the liens of the trading company and the bank. It is also alleged in the petition that after Merritt attained his majority he ratified the deeds given to the petitioner and executed another deed covering the indebtedness already existing and the $350 loan to him at the time of the execution of the last deed. The defendant, Hand Trading Company, demurred to the petition upon the grounds that it appeared upon the face thereof that the court had no jurisdiction of the person of the demurrant; and that it did not set forth any cause of action in favor of the plaintiff as against the defendant. The court

overruled the demurrers, and the defendant demurring excepted. *Held:*

1. The court did not err in overruling the demurrer to the jurisdiction. This was an equitable petition, and substantial relief was prayed both against Merritt and Hand Trading Company, and the suit could be brought in the county of the residence of either.

2. Nor was it error to overrule the general demurrer on the ground that the petition stated no cause of action against the demurrant. While, as to the amounts secured by the deeds executed by the guardian, the petition shows on its face that the petitioner had an unquestionably superior lien as against the Hand Trading Company, and that no equitable relief was necessary to establish the priority of its claim as to the $350, which was secured by the deed executed by the former ward after he attained his majority, there was a question depending upon whether or not the deeds executed by Demott during the minority of his ward to the trading company were void, or voidable merely, and, if voidable, whether they had been ratified, or whether they had been repudiated by the minor after becoming of age. Those were questions which it is necessary to have solved before the rights of the petitioner could clearly appear; and a court of equity, having jurisdiction of the cause for one purpose, should, in one trial, settle the conflicting claims.

3. The allegation in the petition that "Petitioner did not know of the existence of the two security deeds, nor of the indebtedness to the defendant Hand Trading Company, and in this connection petitioner avers that the defendant Merritt represented to petitioner that there were no other liens on the property above described, except the liens of petitioner referred to," in view of the other allegations seems to be irrelevant and immaterial; but the failure to strike this allegation upon special demurrer could not affect the case in any way, and the overruling of the demurrer affords no ground for a reversal of the judgment. The overruling of this special demurrer was harmless error.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 4736. MAY 22, 1925.

Equitable petition. Before Judge W. E. Thomas. Colquitt superior court. January 19, 1925.

*J. J. Hill,* for plaintiff in error. *Erle B. Askew,* contra.