CITIZENS AND SOUTHERN NATIONAL BANK, executor, *v.* HENDRICKS.

No. 8550. MARCH 4, 1933.

*Hitch, Denmark & Lovett* and *McIntire, Walsh & Bernstein,* for plaintiff in error.

*Shelby Myrick* and *P. M. Anderson,* contra.

ATKINSON, J. In this case the trial court sustained a general demurrer to the petition and dismissed the action. On exception the Court of Appeals ruled: "'The probate of a will containing defamatory matter is a publication thereof, creating a cause of action against the estate of the testator, which cause of action is considered to have accrued subsequent to the testator's death; hence it is not abated by his death.' Under this rule the petition in this case sets out a cause of action for libel, and the trial judge erred in sustaining the general demurrer to the petition." On application for certiorari error is assigned upon this judgment. It is urged that the principle ruled and upon which the judgment of reversal was based was erroneous, for the following reasons: "(a) The common-law maxim actio personalis moritur cum persona applies, and the right of action, if any ever existed, abated upon the death of the testatrix. (b) The publication of libelous matter in a will, by filing the will in the office of the ordinary for probate or by probating the same, is absolutely privileged. (c) An executor can not commit a tort for which the estate he represents may be held liable, unless pecuniary advantage results to the estate by reason of his tortious act. (d) If, as stated by the Court of Appeals, the cause of action is considered to have accrued subsequently to testatrix's death, it could not have been committed by her; if considered as committed by the executor of her will, the estate could not be held liable, for there was no pecuniary advantage to it; and there is no other juridic person who could have committed the tort."

It is declared in the Civil Code, § 4428: "A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery." It is declared in the Penal Code, § 340: "A libel is a malicious defama-

tion, expressed either by printing or writing, or signs, pictures, or the like, tending to blacken the memory of one who is dead, or the honesty, virtue, integrity, or reputation of one who is alive, and thereby expose him to public hatred, contempt, or ridicule. Every person convicted of this offense shall be punished as for a misdemeanor." It thus appears that an action for libel is ex delicto. In 2 Chitty's Blackstone's Commentaries on the Common Law of England, 234, it is stated: "In actions merely personal, arising ex delicto, for wrongs actually done or committed by the defendant, as trespass, battery, and slander, the rule is that actio personalis moritur cum persona; and it never shall be revived either by or against the executors or other representatives, for neither the executors of the plaintiff have received nor those of the defendant have committed in their personal capacity any manner of wrong or injury." In 1 C. J. 153, § 248, it is said: "At common law every real or personal action abated on the death of either the sole plaintiff or the sole defendant before verdict and judgment; and this is still the law except in so far as the common-law rule has been modified by statute." In Broom's Legal Maxims (7th ed.), 685, it is said: "This maxim 'is not applied in the old authorities to causes of actions on contracts, but to those in tort which are founded on malfeasance or misfeasance to the person or property of another; which latter are annexed to the person, and die with the person, except where the remedy is given to (or by) the personal representatives by the statute law.' And the general rule of the common law is, that if an injury were done either to the person or to the property of another for which unliquidated damages only could be recovered in satisfaction, the action died with the person to whom, or by whom, the wrong was done." In Woerner's American Law of Administration (3d ed.), 929, it is said: "Actions arising ex contractu were allowed to survive both to and against executors and administrators, 'being indeed rather action against the property than the person, in which the executors have now the same interest that their testator had before.' So Lord Ellenborough: 'Executors and administrators are the representatives of the temporal property, that is, the debts and goods of the deceased, but not of their wrongs, except where these wrongs operate to the temporal injury of the personal estate.'"

In the early case of *Parrott* v. *DuBignon, T. U. P. Charlton,* 261,

decided in the superior court of Chatham County at the April term, 1809, Judge Charlton had under consideration the right of an executor to bring an action of trover for a conversion in the lifetime of the testator. In the course of the opinion Judge Charlton said: "It is settled by the case of *Hambly v. Trott*, Cowp. 371, that trover does not lie against an executor for a conversion by his testator; and on this point the expressions of Lord Mansfield are these: 'No action, where in form the declaration must be quare vi et armis et contra pacem, or where the plea must be, as in this case, that the testator was not guilty, can lie against the executor. Upon the face of the record, the cause of action arises ex delicto; and all private criminal injuries or wrongs, as well as public crimes, are buried with the offender.'" The maxim was also applied in *Brawner v. Sterdevant*, 9 *Ga.* 69; *Woods v. Howell*, 17 *Ga.* 495; *Faith v. Carpenter*, 33 *Ga.* 79. By the amendatory act of 1889 (Ga. L. 1889, p. 73), substantially embodied in the Civil Code, § 4421, it was declared: "No action for a tort shall abate by the death of either party, where the wrong-doer received any benefit from the tort complained of; nor shall any action for the recovery of damages for homicide, injury to person, or injury to property abate by the death of either party; but such cause of action, in case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff, and, in case of the death of the defendant, shall survive against said defendant's personal representative." Since the enactment of that statute it was said, in *Smith v. Jones*, 138 *Ga.* 716 (76 S. E. 40): "At common law a cause of action for a personal tort abated on the death of the tort-feasor. This rule was modified by statute (Civil Code, § 4421), so that it should not apply in case of the death of the defendant. The phraseology of that section leaves it plain that the exception was limited to cases where action had been instituted against the tort-feasor before his death. If the tort-feasor died before suit against him, the cause of action did not survive. See *Frazier v. Georgia R. Co.*, 101 *Ga.* 77 (28 S. E. 662); *Southern Bell Tel. Co. v. Cassin*, 111 *Ga.* 581 (36 S. E. 881, 50 L. R. A. 694); *King v. Southern Ry. Co.*, 126 *Ga.* 798 (55 S. E. 965, 8 L. R. A. (N. S.) 544); *Peebles v. Charleston & Western Carolina Ry. Co.*, 7 *Ga. App.* 279 (66 S. E. 953)." In *Alexander v. Dean*, 29 *Ga. App.* 722 (2) (116 S. E. 643), it was

said: "In the instant case the action was against executors, for a conversion by the testator, who had disposed of the property by sale and died before the bringing of the suit. The cause of action, being one ex delicto, abated with the death of the tort-feasor, and the suit was not thereafter maintainable against the executors." Further it was held: "'An action is merely the judicial means of enforcing a right' (Civil Code of 1910, § 5507), and differs from a cause of action in that the latter is the right itself. The provisions of section 4421 do not apply to causes of action, but merely to actions. . . The provision of the section last referred to, that no action for a tort shall abate by the death of either party, where the wrong-doer received any benefit from the tort complained of, does not prevent an abatement of a right of action in trover upon the death of the tort-feasor, notwithstanding the sale of the property by the latter; no suit having been begun against the tort-feasor, but the suit being only against his executors. It would be otherwise if the plaintiff, waiving the tort, had sued for the proceeds of the sale as for money had and received." The judgment was reviewed and affirmed on certiorari. *Alexander* v. *Dean,* 157 *Ga.* 280 (121 S. E. 238). It was held by the Supreme Court: "The cause of action, being one ex delicto, abated with the death of the tort-feasor, no suit having been brought until after his death." In the opinion Beck, P. J., repeated the doctrine applied in *Harris* v. *Powers,* 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas. 475), that "The common law of force prior to May 14, 1776, was adopted as the law of this State by the act of February 25, 1784, except where modified by statutes or not adjusted to the conditions or system of government existing here,". and stated that "The decisions of the English courts prior to that date are recognized by our court as controlling authority in this State."

In *Callaway* v. *Livingston,* 28 *Ga. App.* 453 (111 S. E. 742), it was said: "Nor can there be any recovery, under the allegations of the petition, for the acts of negligence alleged to have occurred after the death of White. . . Neither executors nor administrators can by any tortious act create liability against the estate represented by them, except where pecuniary advantage results therefrom to the benefit of the estate. . . It follows, from what has been said, that any cause of action founded upon acts of negligence on the part of White, his agents or representatives, in failing

to repair the building and chimney during his lifetime abated with his death, since no suit based upon such acts of negligence was pending at that time; and that any subsequent acts of negligence of his executor in failing to repair the building and chimney could not be the basis of an action against the estate." A libel for which damages may be recovered as defined in the Civil Code, § 4428, must in the first instance be "expressed in print, or writing, or pictures, or signs," and in the second instance "publication of the libelous matter is essential to recovery." Both requirements are mandatory, and they are equally essential. If the first be accomplished, and the perpetrator dies, the maxim actio personalis moritur cum persona will apply, with the result that what has been done is but naught. If a paper executed as a will expresses libelous matter, and the act of the executor in propounding the will is relied on to complete the offense and afford ground for recovery against the estate, such reliance must fail, because the testator has died. If it be said that the act of the executor in propounding the will could be taken into account, the reply is that the executor was a creature or agency of the law to administer the estate, and was not the testator's representative in the continuation or consummation of the testator's wrong. The Court of Appeals erred in reversing the judgment of the trial court dismissing the action on general demurrer to the petition.

*Judgment reversed. All the Justices concur.*