### 16111

CARVER v. MORROW *ET AL.*
(48 S. E. (2d) 814)

*Messrs. Sam R. Watt* and *Rufus M. Ward,* of Spartan-burg, for Appellant,

*Messrs. Perrin & Perrin,* of Spartanburg, for Respondents, 

Order of Judge Henderson in Court of Common Pleas:

This case comes before the Court upon a demurrer by the defendants to the plaintiff's complaint. The question to be decided is this: Can the plaintiff maintain the action against the estate of a testator for damages for defamatory language contained in his will?

This is a novel question in South Carolina, and there are very few cases throughout the whole country bearing upon this point. The Supreme Court of Tennessee, in the case of *Harris v. Nashville Trust Co.,* 128 Tenn. 573, 162 S. W. 584, 586, 49 L. R. A., N. S., 897, Ann. Cas. 1914c, 885, has held that such an action may be maintained. This case holds that the maxim *"actio personalis moritur cum persona"* does not apply, since the right of action did not exist in the lifetime· of the testator; that the libel contained in the will was published by the probate thereof; and that the executor was acting as the agent of the testator in making the publication in accord with the authority given by him.

Exactly the opposite conclusion is reached in the Georgia case of *Citizens' & Southern National Bank v. Hendricks,* 176·Ga. 692, 168 S. E. 313, 87 A. L. R. 230. The Supreme Court of Georgia held that no liability for libel arises if one who places libelous matter in his will dies before publication thereof; that the executor's status is that of an agency of the law to administer the estate, and not the representative of the person of the testator.

This diversity of opinion is shown by the following from 53 C. J. S., Libel and Slander, § 82, page 135: "While it has been held that the probate of a will containing defamatory matter is not such a publication thereof as creates a cause of action for libel against the testator's estate, it has also been held that the probate of such will is a publication thereof, creating a cause of action against the estate of the testator, which cause of action is considered to have accrued subsequent to the testator's death; hence it is not abated by his death. Since the executor of the will is in duty bound to probate it, it has been held that he is not liable for the publication arising from the probate of the will."

Substantially the same principle is stated in 33 Am. Jur. 109, where it is said that "there is some difference of opinion as to the effect of the publication, after the death of the testator, of a will containing libelous matter. The rule in some jurisdictions is that the probate of the will constitutes such a publication as to render the estate of the testator liable in an action for libel, although it does not subject to any personal liability an executor at whose instance the will was probated. In other jurisdictions, however, the Courts have taken the view that the probate of the will does not give rise to any liability upon the estate of the testator".

I am of the opinion that the principles set forth in the Georgia decision are more nearly in accord with the law and decisions of our State on the question of actions for libel.

It is a well recognized rule that the publication of a libel is essential to give rise to a cause of action. No matter what a person may write, if it is not published, there is, of course, no liability, since no one is injured. *Riley v. Askin & Marine Co.,* 134 S. C. 198, 132 S. E. 584, 46 A. L. R. 558.

It is a rule of the common law, which has long been followed in this State unless changed by statute, that a personal action *ex delicto* dies with the person. 1

C. J. S., Abatement and Revival, §§ 143, 145, pages 196, 200. This princple is set forth in the old maxim *"actio personalis moritur cum persona"*. This common law rule has been amended by legislative act in various instances, to cover certain designated actions for tort. Among others, we find Section 419 of the code, wherein it is provided that cause of action for injuries and trespasses upon real estate, and injuries to the person or personal property, shall survive. It will be noted that the General Assembly was careful in not including actions for injury to character. An action for libel is one *ex delicto,* and is a personal action. *Perry v. Atlantic Coast Life Ins. Co.,* 166 S. C. 270, 164 S. E. 753. It is clear, therefore, that an ordinary cause of action for libel or slander dies with the person. No matter how wickedly a libel may be made and published, and no matter how serious may be the consequences and the damages suffered by reason of such libel, if the person who utters the libel should die, the injured party has no redress whatsoever in the courts, the cause of action being buried along with the decedent.

Since there was no publication of the alleged libel in this case during the lifetime of the testator, there is no basis whatsoever for holding his estate for the publication made by probating the will after his death, unless it be considered that the executor is the agent of the testator for the purpose of consummating the tort.

It does not seem to me that this is the law. As quoted from a decision of Lord Ellenborough in the *Hendricks case* [176 Ga. 692, 168 S. E. 314]: "Executors and administrators are the representatives of the temporal property, that is, the debts and goods of the deceased but not of their wrongs, except where these wrongs operate to the temporal injury of the personal estate".

I think the Supreme Court of Georgia makes a sound and logical statement when it says "that executor was a creature

or agency of the law to administer the estate, and was not the testator's representative in the continuation or consummation of the testator's wrong".

It is the duty of an executor to probate the will. He has no choice. Although named by the testator, he is appointed officially by the Probate Court. In fact, it is a misdemeanor for one to suppress a will. Code, 8946, 8947. It seems to me that when an executor offers a will for probate, he is acting in an official capacity; and while, of course, he himself has an absolute privilege so that there can be no personal liability against him, neither do I think that he is to such an extent the testator's agent that it could be said he had authority to consummate by means of publication a libel which may have been written, but not published, in the lifetime of his testator, and to fasten a liability upon a dead man's estate, where none existed while he lived. That would be an extra-ordinary extension of the law governing the relationship of principal and agent. Generally, where not coupled with an interest, the agency terminates upon the death of the principal. *Bunch v. Dunning*, 106 S. C. 300, 91 S. E. 331; *Ohlandt v. Craven*, 146 S. C. 450, 144 S. E. 162. The reason for this rule is that the authorized acts of the agent are in their nature the acts of the principal, and by legal fiction the agent's exercise of authority is regarded as an execution of the principal's continuing will. 2 C. J. S., Agency, § 86, page 1174. While it is, of course, true that one is responsible for the publication of a libel through an agent (*Mann v. Life & Casualty Ins. Co.*, 132 S. C. 193, 129 S. E. 79; 53 C. J. S., Libel and Slander, § 150, page 233), these authorities refer to principals who are alive at the time of the publication. In fact, all of the cases cited in the Tennessee decision in support of its holding on this point dealt with principals who were living at the time the publication was made.

It may be said that since there should be a remedy for every wrong, it would be unjust that one should be allowed

to defame another in his will, and his estate not be held responsible. To this it may be replied, as stated above, that, even if one in his lifetime does make and publish a libel in the most offensive manner which may be imagined, the cause of action will not survive his death, in which case there will be no remedy for such wrong. A person who may be defamed in a will is in no worse position.

Although, of course, not controlling, some weight should be given to the fact that since the foundation of our State up to the present time, in the course of more than one hundred seventy years, no case has been decided in this State, giving a plaintiff the novel and unusual rights which are claimed in the present action.

It is also to be considered that if a precedent is set in this sort of case, holding the estate of a deceased person liable for an act which was not completed in his lifetime, but was consummated after his death, the door would be opened to a great many other different causes of action. As is very well stated in the annotation found in 87 A. L. R. 234, "if the Courts without the aid of an enabling statute, are to support the action, they cannot stop with actions for libel, for they import into the law the principle that the estate of a decedent is liable for a tort having no existence in his lifetime. As an illustration of such tort, if a man digs a pit for his enemy and dies, and later the enemy falls into the pit and is injured, the question of liability of the estate arises. Or consider in the same connection, though it brings indeed a new element into the matter, the case of one who hires another to assault his enemy and dies and later the assault is committed as he ordered. A further illustrative situation is, where, after the death of the ancestor, but before the heir has had time to arrive upon the land, a stranger is injured by reason of a defective sidewalk on the premises. While it may be gravely doubted whether the benefits to be gained by the allowance of an action for testamentary libel are

worth the risk of the adoption of the principle involved, it has been held that such an action may be maintained".

It is my opinion therefore that the plaintiff does not have a cause of action in the present case.

It is therefore ordered that the demurrer of the defendants be, and the same hereby is sustained.

July 26, 1948.

PER CURIAM.

In a codicil dated February 14, 1946, to the will of defendants' testatrix there was matter alleged by the plaintiff to be libelous of and concerning him. The will, including the codicil, was duly proven in the Probate Court for Spartanburg County after the death of testratrix on August 18, 1946, and the defendants thereupon qualified as executors. The action is against them in that capacity for damages for the alleged libel and is upon the premise that the probate of the will constituted a publication of the alleged libel.

Defendants demurred to the complaint upon the general ground, in substance, that it did not state a cause of action. The demurrer was sustained by the Honorable E. H. Henderson, Presiding Judge, and he rendered a comprehensive order dated February 18, 1948, which we do not think can be improved upon in content or conclusion. It is, therefore, affirmed and adopted as the judgment of this Court. It will be reported as such. The exceptions of appellant have been carefully considered and are found to be without merit; they are overruled.

Appellant has cited here an additional decision, *Brown v. Mack,* 1945, 185 Misc. 368, 56 N. Y. S. (2d) 910, in which a similar complaint was upheld against demurrer. The opinion recites that it is the first such case in the State of New York. The result was influenced by a recent amendment of the survival statutes of that State whereby apparently all

tort claims survive the death of the wrongdoer except breach of promise to marry, seduction, criminal conversation and alienation of affections, which former actions, even between the living, were abolished altogether at the same session of the legislature. Thus a cause of action for libel survives the death of the publisher in New York, not in this State, which deprives the cited decision of authority here.

BAKER, C.J., and FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.