36281.   POSNER *v.* KOPLIN *et al.*, Executors.

DECIDED JULY 16, 1956—REHEARING DENIED JULY 27, 1956.

*Joseph D. Tindall, J. Frank Kemp, Fraser & Shelfer*, for plaintiff in error.

*A. S. Grove*, contra.

TOWNSEND, J. ■ A motion to dismiss the bill of exceptions has been made (a) because the bill of exceptions is premature; (b) because Sarah Koplin and Simon Mendel, executors of the estate of H. Mendel, deceased, are improperly named parties defendant in the bill of exceptions, they never having been made parties in the trial court; (c) because the trial court improperly dismissed the petition, and (d) because the statement "The plaintiff, Jack Ralph Posner, names himself as plaintiff in error herein and names Mrs. Sarah Koplin and Simon Mendel, executors of the estate of H. Mendel, deceased, as defendants in error" is an insufficient designation of the defendants in error in their representative capacities.

■ Considering grounds (a) and (c) together, the order of the trial court was as follows: "That the scire facias sued out by plaintiff to make the executors of the estate of H. Mendel parties defendant in above styled case is denied. Objections by said executors are sustained. The above styled action is abated and plaintiff's petition as amended is dismissed." Mendel having been the sole original party defendant, and having died, the ruling of the trial court to the effect that the action could not be continued against the executors but abated with his death was the legal and natural consequence of sustaining the objections of the executors and was favorable to them, and they cannot complain. It is difficult to see how the action could proceed without any defendant, and it could hardly exist forever in a limbo from which it could neither be prosecuted nor dismissed. There was, accordingly, a final judgment, and the case was ripe for appeal. Nor was the court's action merely the equivalent of sustaining a plea in abatement and therefore interlocutory in character. In urging this ground of his motion, counsel for the plaintiffs in error relies upon *Uhl* v. *Warner Robins Home Builders Corp.*, 210 *Ga.* 165 (78 S. E. 2d 510). In that case the objection to the scire facias on the part of the executor of the deceased defendant was on the statutory ground that he was entitled to 12 months to collect the assets of the estate before being subject to suit, and that the time had not passed. That judgment was accordingly interlocutory in character. In this case the motion was made more than 12 months after the appointment and qualification of the executors.

■ The executors of the estate of a deceased person are his personal representatives and stand in his stead. Code § 3-402 declares as follows: "When the defendant shall die pending a suit, the plaintiff may sue out a scire facias immediately after the expiration of 12 months from the probate of the will or granting of letters of administration, requiring the executor or administrator to appear and answer to the cause." The plaintiff, proceeding under this Code section, moved to have the executors of the deceased made parties, and he has a right to a judgment of the court granting this motion unless some rule of law prevents it, and he has the further right to have the judgment of the trial court refusing the relief sought reviewed by the appellate court.

He can not have it so reviewed unless he names some party defendant who is in life. *Ray* v. *Pease*, 112 *Ga.* 675 (37 S. E. 875). The object of the writ of error "is less an action between the original parties than a question between the judgment and the law. It is not the action which is to be judged, but the judgment." *Allen, Ball & Co.* v. *Mayor &c. of Savannah*, 9 *Ga.* 286, 293. This ground of the motion is without merit.

■ "Where . . . the party defendant is apparent on the face of the bill of exceptions, the bill of exceptions will not be dismissed on the ground that the party defendant in error is not more specifically named." *Shotkin* v. *State*, 73 *Ga. App.* 136 (1b) (35 S. E. 2d 556). See also Code § 6-1202. The parties defendant in error were not so imperfectly designated as to require dismissal of the bill of exceptions.

The motion to dismiss the bill of exceptions is denied.

■ An action for alienation of affections is an injury to the person. *Edwards* v. *Monroe*, 54 *Ga. App.* 791, 798 (189 S. E. 419). The action was pending at the time of the defendant's death, and the question for decision is whether the death abated the action so as to authorize its dismissal, or whether it might be continued against the executors of the defendant's estate. The answer is to be found in Code § 3-505 which will, for convenience, be set out according to the dates of enactment of its various parts, since cases decided before 1889 are, for the purposes of this discussion, nullified by the amendment to the act passed in that year. At common law the axiom, actio personalis moritur cum persona, applied, and personal actions abated upon the death of either party with certain exceptions set out in *Davis* v. *Atlanta Gas Light Co.*, 82 *Ga. App.* 460 (61 S. E. 2d 510). In the original Code of 1863 (§ 2909) appeared the following: "No action for a tort shall abate by the death of either party where the wrongdoer received any benefit from the tort complained of." The rule was broadened in 1889 (Ga. L. 1889, p. 73) by the addition of the following: "Nor shall any action for the recovery of damages for homicide, *injury to person*, or injury to property abate by the death of either party; but such cause of action in the case of the death of the plaintiff shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff; and in case of the death of

the defendant, shall survive against said defendant's personal representative." (Emphasis added). In 1935 (Ga. L. 1935, p. 94) the following was added: "However, in the event of the death of the wrongdoer before suit shall have been brought against him, the personal representative of such wrongdoer shall be subject to suit just as the wrongdoer himself would have been during his life; providing that there shall be no punitive damages." The act of 1952 (Ga. L. 1952, p. 224) made the provisions of the act of 1889 applicable to causes of action or rights of action, as opposed to pending suits which alone were dealt with in that act.

It was pointed out in *Spence v. Carter*, 33 *Ga. App.* 279, 282 (125 S. E. 883) that "Breach of promise [of marriage], although based upon contract, as to the measure of damages 'has always been classed with actions of torts, as libel, slander, seduction, criminal conversation, etc.'" There is no doubt but that the "etc." also includes alienation of affections with which the present action is concerned. The amendment of 1889 prevents a pending action for libel from abating (*Johnson v. Bradstreet Co.*, 87 *Ga.* 79, 13 S. E. 250; *McElhaney v. Crawford*, 96 *Ga.* 174, 22 S. E. 895) as it does also an action for criminal conversation (*Roberts v. Turner*, 49 *Ga. App.* 516 (176 S. E. 91). The provision of Code § 3-505 "nor shall any action for the recovery of damages for . . . injury to the person . . . abate by the death of either party" refers to pending actions and includes a pending action for alienation of affections as well as other indirect injuries to the person such as libel and criminal conversation.

As pointed out above, this section sustained pending actions only, and it was not until 1952 that it was extended to rights of action. The trial court in dismissing the petition was undoubtedly led into error by an application to the facts of this case of the rules stated in *Spence v. Carter*, 33 *Ga. App.* 279, *Alexander v. Dean*, 157 *Ga.* 280 (121 S. E. 238) and *Citizens & Southern Bank v. Hendricks*, 176 *Ga.* 692 (168 S. E. 313, 87 ALR 230) in all of which the suit was not pending at the time of the defendant's death, although the right of action had accrued, and which accordingly do not infringe upon what is here held. Division (c) of *Spence v. Carter*, 33 *Ga. App.* 279, merely points out that Code § 3-505 "which applies only to torts" can have no applica-

tion to an action for breach of a contract of marriage. The present suit sounds in tort, and, under the broad amendments of the Code section which have materially altered the common-law rule, the plaintiff had a right to have a scire facias issue to make the executors of the deceased parties defendant to the action, and the trial court erred in refusing to make parties and thereafter in dismissing the petition. The holding in *Wellborn* v. *Jones*, 156 *Ga.* 34 (118 S. E. 654), cited by defendant in error, is merely to the effect that where on the death of the defendant (there being other named parties defendant still in life) the trial court refuses to make the executors of the deceased defendant parties, the suit is still pending until the court enters up a judgment dismissing the action as to the deceased defendant. Such an order was entered up here, and there were no other parties defendant against whom the action might proceed.

The grounds of demurrer to the petition were not passed upon by the trial court and are not up for consideration by this court. All that is here decided is that the trial court erred in dismissing the petition as a consequence of his previous erroneous ruling to the effect that the action abated as against the personal representatives of the deceased. Also, since it is here held that the bill of exceptions was sufficient, no decision is made concerning a proposed amendment to such bill of exceptions in this court.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*