19706. HARDIN *v.* HOMEYER *et al.*

CANDLER, Justice. On November 15, 1944, and for a consideration of $5 and other valuable considerations, W. J. Hardin of Forsyth County leased to W. F. Homeyer of Hall County for the period from January 1, 1945, to January 1, 1955, certain realty in Forsyth County described as follows: "Beginning at a point on the west side of U. S. Highway No. 19 a distance of two and one-half miles north of the Forsyth County Courthouse in Cumming, Georgia, and running north and fronting on said Highway No. 19 for a distance of two hundred feet to a point and extending back to a depth of one hundred feet along the entire frontage and being the property generally known as the Hardin Brother's store." By an undated written instrument captioned "Equipment receipt" W. J. Hardin acknowledged receipt from W. F. Homeyer of specified filling station equipment "installed upon the premises in Forsyth County, Georgia, being on the west side of U. S. Highway a distance of two and one-tenth mile north of The Forsyth County Courthouse." This instruments also recites: "The undersigned [W. J. Hardin] further agrees that in consideration of the sum of $5.00 and other valuable considera-

322

tion, paid in hand, receipt of which is hereby acknowledged, that a certain contract between the parties hereto be extended for a further term of five years beginning January 1st, 1955. . . . The undersigned further agrees to maintain and use said chattels and equipment solely in connection with the conduct and operation of a gasoline filling and service station upon said premises and for the sale of petroleum products purchased exclusively from W. F. Homeyer and subject in all respects to a certain agreement dated November 15th, 1944 between W. F. Homeyer and the undersigned, and made a part thereof."

On October 20, 1956, W. F. Homeyer filed an equitable suit in the Superior Court of Hall County against the North Georgia Petroleum Company. In addition to the facts stated above, the petition as amended alleges: When the plaintiff's lease from W. J. Hardin of November 15, 1944, expired on January 1, 1955, it was extended for an additional period of five years on condition and for the consideration that the plaintiff furnish W. J. Hardin certain filling station equipment and pay $82.50 for material to resurface a part of the leased premises. The requested equipment was furnished and installed, the $82.50 was paid and W. J. Hardin accepted and retained the same. The plaintiff has purchased a delivery truck and expended $2,000 for meters and warehouse equipment to service the leased premises and regularly delivered petroleum products to W. J. Hardin at the leased premises until October, 1956. During October, 1956, the defendant opened negotiations with W. J. Hardin to lease the premises in question and the plaintiff notified the defendant of his lease contract and on request exhibited it to the defendant's representatives. On October 26, 1956, the plaintiff was notified in writing by counsel for the defendant that W. J. Hardin had leased the premises in question to the defendant and that W. J. Hardin would request the plaintiff to remove his pumps and other filling station equipment from the premises. The plaintiff has advertised the sale of his products at the leased station, and has expended a substantial sum of money and a considerable amount of time promoting their sale at said station. He has erected or placed signs on the leased premises showing that his products are offered for sale and sold there, and such signs are still displayed on the leased premises. The

defendant has disconnected the plaintiff's pumps from his storage tanks, installed its own pumps, connected them with the plaintiff's tanks and each week enters upon the leased premises and places its gasoline in the plaintiff's tanks. Each such entry is a trespass and the defendant will continue to commit such trespasses unless enjoined from so doing. The damages which the plaintiff has and will continue to sustain from the defendant's wrongful acts are incapable of accurate computation, and each entry on the leased premises by the defendant is a new cause of action and the court should grant an injunction to prevent a multiplicity of suits. There are prayers that the defendant be enjoined, temporarily and permanently, from repeatedly trespassing on the leased premises, from using the plaintiff's gasoline equipment, and for general relief. After an interlocutory hearing the trial judge granted a temporary injunction and no exception was taken to that judgment. Later the plaintiff filed an amendment and prayed that W. J. Hardin be made a party defendant to the cause. In substance, the amendment alleges that W. J. Hardin, for reasons stated in the original petition, as amended, should be made a party defendant thereto. It alleges that he executed the instrument which extended the original lease and that he had actual notice and knowledge of the temporary injunction granted in the cause, and paragraph 9 alleges that he, either in collusion with the original defendant or on his own, is seeking to thwart and by-pass the injunctive order previously granted in the cause. Attached to and made a part of the amendment is a letter from W. J. Hardin, dated January 3, 1957, to the plaintiff which reads: "This is to advise you that your equipment now located on my property will be moved after January 10, 1957, if you have not removed it therefrom before that date." There is also attached to the amendment, and by reference thereto made a part of it, a copy of the original petition as amended. The respondent demurred to the amendment on the ground that it alleges no facts which would authorize the court to make him a party defendant to the pending cause. He also answered the petition and averred that he is a resident of Forsyth County and that the Superior Court of Hall County is without jurisdiction to grant any of the relief sought against him. His demurrer was overruled and an order was granted making him a party

defendant to the cause. He excepted to both judgments. *Held:*

1. Hardin's demurrer to the amendment which sought to make him a party defendant to the pending cause questions the validity of the renewed lease between the plaintiff and himself on the ground that its descriptive averments are insufficient to identify the leased property. This contention is not meritorious. There is no contention that the original lease which was executed on November 15, 1944, and which was effective for the ten-year period from January 1, 1945, to January 1, 1955, did not sufficiently describe the property upon which it was to operate, and a contention that its averments were not sufficient to identify the leased premises could not be successfully maintained. The renewed lease is for a five-year period from January 1, 1955, and is "subject in all respects to a certain agreement dated November 15th, 1944, between W. F. Homeyer [the plaintiff] and the undersigned [W. J. Hardin]" which is by reference thereto made a part of the renewed lease.

2. Any person claiming equitable relief may make all necessary parties to secure such relief, either at the beginning of his suit or afterwards by amendment. Code § 37-1005. All who have participated in an actionable wrongful act or procured it to be done are proper parties to litigation seeking relief therefrom. Code § 37-1007; *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *Voyles* v. *Federal Land Bank of Columbia,* 182 *Ga.* 569 (2) (186 S. E. 405). In this case the allegations of the amendment which sought to make W. J. Hardin a party defendant to the cause are amply sufficient to show that the plaintiff is entitled to an injunction to prevent further wrongful interference with his property rights against the original defendant and the respondent W. J. Hardin. This being true, that ground of the respondent's demurrer which challenged the sufficiency of the plaintiff's pleaded facts to show he was a necessary party defendant to the pending cause is not meritorious and was properly overruled by the trial judge.

(a) And since the allegations of the amended petition are sufficient to show that the original defendant and the respondent Hardin are joint wrongdoers and substantial equitable relief is sought against both, there is no merit in the contention that the Superior Court of Hall County does not have jurisdiction of the respondent. Code (Ann.) § 2-4903; *Hand Trading Co.*

v. *Citizens Bank of Moultrie,* 160 *Ga.* 448, 449 (128 S. E. 65).

3. Since no final judgment has been rendered in the original case, this court has no jurisdiction to pass on an assignment of error which complains of an order making W. J. Hardin a party defendant to the cause. See *Wellborn* v. *Jones,* 156 *Ga.* 34 (118 S. E. 654), and the cases there cited. As to this judgment the writ of error is premature.

4. When the plaintiff presented his amendment which sought to make W. J. Hardin a party defendant to the cause, the court granted an order restraining him from "removing, injuring or destroying the plaintiff's property located on the leased premises, or otherwise interfering with plaintiff's peaceable possession of the same." This order has not been changed in any way by any subsequent judgment, but the respondent Hardin assigns error on the court's failure at an interlocutory hearing to dissolve it. This assignment cannot be considered. In this State a judgment by inference or implication is not reviewable by an appellate court. *Amos* v. *Amos,* 212 *Ga.* 753 (95 S. E. 2d 687), and the cases there cited.

*The judgment overruling the respondent's demurrer is affirmed. All the Justices concur.*

SUBMITTED MAY 14, 1957—DECIDED JUNE 11, 1957.

*Leon Boling,* for plaintiff in error.

*Telford, Wayne & Smith, C. E. Smith, Jr.,* contra.