**Ruby E. Nolin, Plaintiff-Appellant, v. Leffler R. Nolin, Executor of the Estate of Huldah E. Nolin, Deceased, Defendant, and Leffler R. Nolin, Defendant-Appellee.**

Gen. No. 65–74.

Third District.

March 2, 1966.

Rehearing denied March 31, 1966.

Fleming & McGrew, of Watseka, for appellant.

Bell, Smith & Danneyl, of Watseka, for appellee.

CORYN, P. J.

Shortly after the death of Huldah E. Nolin, her son, Leffler R. Nolin, defendant herein, filed a petition with the County Court of Iroquois County requesting that his mother's will, dated August 5, 1959, be admitted to probate. This petition was allowed on September 3, 1963, and defendant thereupon accepted his testamentary nomination as executor and was so appointed. On April 10, 1964, plaintiff, Ruby E. Nolin, filed her complaint herein in two counts, naming her brother, Leffler R. Nolin, as defendant in both his individual capacity and

as executor of the estate of Huldah E. Nolin, deceased. In Count I she complains that certain recitations of her mother's will are defamatory, and that defendant's publication of the offensive language of the will, in the probate proceedings, constitutes a slander of title to certain of plaintiff's real estate for which defendant, as executor of the estate of the person who uttered the words, and individually, as the person who voluntarily published them, by petitioning the court for probate of said will, is liable, to the extent of $80,000. In Count II, plaintiff claims that the publication of the offensive words of the will is libelous per se, and seeks recovery against defendant, in both capacities, to the extent of one million dollars for injury to her reputation and character.

The testamentary recitation complained of is as follows:

"WHEREAS, on or about June 2, 1939, I had certain Deeds of Convenience prepared for me which said Deeds were to be held and retained by me for the purpose of making certain contemplated conveyances in the light of circumstances then existing and contingent upon events which did not occur, and WHEREAS, I acknowledged the said Deeds on the same date, and placed the same in an envelope in my Safety Deposit Box in the Citizens State Bank of Milford, Illinois, to be there kept under my own custody and control without delivery, and, WHEREAS, RUBY E. NOLIN, my unmarried daughter, with whom I shared said Safety Deposit Box, did thereafter in January of 1954, obtain admittance to said box without my knowledge, and by certain representations then made to the custodian of said box gained entry thereto, and withdrew from my said box the said Deeds hereinbefore referred to, which said Deeds she did cause to be recorded in the Office of the Recorder òf Iroquois County, Illinois, on

56

January 20, 1954, as Documents #404356 and #404357, and she did further then and there direct and obtain from the said Recorder an endorsement on said Deeds 'Do Not Publish,' and caused the said Deeds to be recorded in Book 672 at Pages 34 and 36 in the said Recorder's Office without my knowledge or consent, and without the said Deeds ever having been delivered in fact as required by law, and WHEREAS, I did thereafter learn during the month of May, 1959, of the recording of said Deeds, and did immediately demand and request that the said RUBY E. NOLIN, my said daughter, reconvey to me the premises therein described, with which said request she has refused to comply, and, WHEREAS, I am of advanced years, and physically unable to undertake the strenuous course of litigation against the said RUBY E. NOLIN to obtain reconveyance of said property, I, therefore, do direct and command my Executor hereinafter named to institute legal proceedings in the name of my Estate against the said RUBY E. NOLIN to cause and accomplish the reconveyance of said property and obtain the setting aside of said Deeds by due legal proceedings and proper Decree of a Court of competent jurisdiction so that the said premises may be an asset of my Estate and pass according to the terms of my Last Will and Testament following immediately hereafter, vis.:"

On August 20, 1965, the Circuit Court of Iroquois County, on motion, determined that the facts alleged in the complaint are legally insufficient to sustain a cause against defendant in his individual capacity, and in that capacity, dismissed defendant with judgment for his costs. A motion to dismiss defendant in his representative capacity was denied. Upon a further finding that

no just reason exists for delaying appeal, this proceeding for review was perfected by plaintiff.

The sole issue we are called upon to decide is whether a cause of action exists, either for a libel to the character and reputation of a person, or for slander of title to real estate against one who presents for probate a will containing defamatory words, and, if so, whether the complaint here alleges sufficient facts to state such a cause. We are not called upon to consider, and we do not decide, by this appeal, whether a cause of action, under the same facts, exists against the estate of a decedent who makes and executes such a will, nor do we decide whether the recitations complained of in decedent's will are libelous per se.

The parties have agreed that this is a case of first impression in Illinois, and that precedent from other jurisdictions is minimal. Our own research has failed to uncover a reported case in which an executor was held liable in his individual capacity for having sought the probate of a will containing defamatory recitations, and none are cited by plaintiff. Indeed, what authority there is on the subject sustains the contrary thesis, and plaintiff acknowledges this fact in her brief. In support of her theory of liability, however, she argues that art II, § 19 of the Constitution of Illinois (1870) guarantees to everyone a remedy at law for injury to his reputation and property, and that recovery here ought, therefore, be allowed. The designated portion of the Constitution, upon which she relies, reads as follows:

> "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay."

58

Most of the cases that have involved issues similar to those presented by this appeal are cited in an annotation at 87 ALR 234, and its supplements. The author of the annotation concludes that an executor incurs no personal liability for libel in publishing a defamatory will merely by petitioning for its probate. At 33 Am Jur, Libel & Slander, § 101, the same conclusion is advanced. See also 53 CJS, Libel & Slander, § 82, at 135; 33 Chicago-Kent L Rev 170 (1955). The rationale advanced by the decisions reported vary considerably. Many of the cases relied upon in the encylopedias and annotations are the reported decisions of judges having original jurisdiction over the probate of wills in the state of New York. In re Payne's Estate, 160 Misc 224, 290 NYS 407, it was said that an executor who deletes the defamatory words from a will before presenting it for probate would incur no personal liability for the libel. It has been suggested that although the surrogate did not hold in that case that the executor would incur personal liability for failure to delete the defamatory words, it is implied that such a duty exists where the offensive words are not dispositive ones. The difficulty with the Payne case is, however, that it did not directly involve a libelous will, but offensive words in a book composed by the testator, which the will directed the executor to publish with decedent's funds. In the case of In the Matter of Meyer's Will, 72 Misc 566, 131 NYS 27, the surrogate refused to expunge offensive words from a will presented for probate on the grounds that the court probably lacked such power, and that the alteration of a will by the deletion of words is repugnant to the purposes and nature of proceedings in probate. In In re Croker's Will, 105 NYS2d 190, the court expressed dissatisfaction with the suggestion that offensive words thought nondispositive could be expunged before or at probate. Wills have other

legitimate purposes besides the disposition of property, and what is nondispositive may nonetheless be an operative part of a will. In Brown v. Mack, 185 Misc 368, 56 NYS2d 910, an executor, in his individual capacity, was held absolutely privileged in presenting a libelous will for probate. Considering the possibility of injury from the publication by probate of an offensive will in a case where it was known that no assets exist and no other lawful purposes could be effected, it is argued here that there is basis for debate as to whether any privilege extended should be absolute, or one qualified by the condition of demonstrating good motives. The privileges and immunities attending the publication of defamatory matter in judicial proceedings is discussed in Prosser, On Torts, at pages 606 et seq. (2nd Ed, 1955).

In Harris v. Nashville Trust Co., 128 Tenn 573, 162 SW 584, the subject presented for ultimate determination here was considered by a court of review. The rationale adapted there was that since the suppression of a will is felonious, and the nominated executor is under a legal duty to present it for probate, he could incur no personal liability in doing what the law requires of him. Courts of review in other states have applied the maxim, "actio personalis moritur cum persona" to arrive at a conclusion that no cause whatever survives the death of the testate tort-feasor, Carver v. Morrow, 213 SC 199, 48 SE2d 814. In Citizens & Southern Nat. Bank v. Hendricks, 176 Ga 692, 168 SE 313, it was held that the executor was not liable because he is an officer of the court in probating a will and not the agent of decedent-principal for the completion of wrongs not consummated during the testator's lifetime. This decision has been criticized on the grounds that the executor's appointment is subsequent to his publication of the will by petitioning for probate. In Harris v. Nashville Trust Co., supra, and Kleinschmidt v. Matthieu, 266 P2d 686 (Sup Ct, Oregon, 1954) the nonsurvivorship maxim itself, insofar as it

60

was used as a shield against the liability of the estate, was rejected on the grounds that the tort did not occur until publication of the will after the death of the testator, and that there being, therefore, no cause during testator's lifetime, the issue of its survival is moot. In the latter case, the estate alone was held liable, since testator's publication at the time of making the will preceded a judicial proceeding and was not privileged.

 The language of the Illinois Probate Act makes no exception to the requirement that persons having possession of a decedent's will deliver it to the court, without alteration, within thirty days from the death of the testator, and that the executor, nominated by the will, within thirty days from acquiring knowledge of his nomination, either declare his refusal to act or institute proceedings for probate. (C 3, §§ 60–62, Ill Rev Stats, (1965).) A suppression of a will, or its parts, or a wilful alteration of its terms, is felonious. (C 3, § 61, Ill Rev Stats.) The purpose of this statute is to insure that a testator's will be presented to the court in an unaltered condition within a short time after his death. This purpose, we believe, might be defeated if we compelled a person named as an executor to determine, prior to the presentation of the will to the court, and without assistance from the court, whether or not the will contains defamatory matter. It being felonious to suppress or alter a will, its presentment, by defendant, for probate, in undeleted form would constitute a publication pertinent to a judicial proceeding. The content and validity of the will was the very purpose and subject of inquiry. Illinois law accepts the principle that defamatory words are privileged where their utterance or publication is pertinent to a judicial proceeding where made. Ginsburg v. Black, 192 F2d 823, cert den, 343 US 934, rehearing den, 343 US 958; Talley v. Alton Box Board Co., 37 Ill App2d 137, 185 NE2d 349; Sarelas v. Makin, 32 Ill App2d 339, 177 NE2d 867; Harrell v. Summers, 32 Ill

App2d 358, 178 NE2d 133; Guttman v. Guttman, 21 Ill App2d 512, 158 NE2d 446. The complaint here, which seeks recovery of defendant in his individual capacity, merely for publication of an alleged libelous will by its presentment for probate, is legally insufficient, in our opinion, and does not state a good cause of action.

■ Article II, § 19 of the Constitution of Illinois (1870) has not been interpreted to abolish immunities extended for the protection of a recognized public interest. Rather, that language of our Constitution has been construed to mean only that remedies known to the common law, though subject to reasonable legislative change for the public welfare, are preserved and may not be destroyed. Heckendorn v. First Nat. Bank of Ottawa, 19 Ill2d 190, 166 NE2d 571; Clarke v. Storchak, 384 Ill 564, 52 NE2d 229.

■ We hold that no cause of action exists against an executor, individually, merely for presenting a defamatory will for probate. Accordingly, we affirm the order of the Circuit Court of Iroquois County, dated August 20, 1965, which dismissed the cause of action against the defendant, Leffler R. Nolin, and entered judgment in his favor for costs against the plaintiff, Ruby E. Nolin.

Affirmed.

ALLOY and STOUDER, JJ., concur.