9586

BUNCH *ET AL.* v. DUNNING.

(91 S. E. 331.)

1. DEEDS—DELIVERY.—Where a sale of land was negotiated, a deed was prepared, signed by the grantor, and offered to the grantee, who declined to accept it until proper renunciation of dower was made by the grantor's wife, and the deed was returned for that purpose, but, before the renunciation was made, the grantor died, and some months later his pretended wife renounced dower, and the grantee paid the price, not to a legal representative of the grantor or his heirs at law, but to an attorney at law, there was no legal delivery of the deed, and it was invalid.

2. ATTORNEY AND CLIENT — PRINCIPAL AND AGENT — REVOCATION OF AUTHORITY BY. DEATH.—The authority of an attorney at law or attorney in fact ceased and was revoked by the client's or principal's death, and the attorney had no power or authority to represent him after his death.

Before MEMMINGER, J., Monck's Corner, March, 1916. Affirmed.

Action by Barcha Josephine Bunch and another against F. A. Dunning. From a judgment for plaintiffs, defendant appeals.

*Messrs. Octavus Cohen* and *Lewis G. Fultz,* for appellant, cite: *As to evidence of declarations of deceased to strangers:* Jones Ev., sec. 140, p. 157. *Want of consideration:* 44 S. C. 378; 53 S. C. 348; 56 S. C. 169; 57 S. C. 95; 59 S. C. 560; 71 S. C. 577; 27 S. C. 201. *Issues confined by pleadings:* 84 S. C. 117, 120 and 541; 84 S. C. 399; 75 S. C. 512; 79 S. C. 478; 82 S. C. 464. *Possession retained by grantor:* 120 Ga. 1018; 48 S. E. 400. *Nonpayment of consideration:* 129 N. C. 325; 40 S. E. 179. *Failure to record:* Rice's Eq. 243. *Delivery:* 53 S. E. 351; 36 S. E. 227; 45 S. E. 262. *Presumption as to:* 52 S. C. 472; 89 S. C.

FOOTNOTE.—As to acceptance of deed by grantee, see note in 1 A. &. E. Ann. Cas. 868, 12 L. R. A. 171-177.

268; 95 S. C. 328. *Exclusion of evidence:* 103 S. C. 277. *Conveyance to bastard children:* Civil Code, secs. 3454, 3575; 86 S. C. 94 and 115. *Charge on facts:* 81 S. C. 374; 73 S. C. 383; 80 S. C. 383. *Presumption of innocence:* 102 S C. 174. *Charge as to burden of proof:* 81 S. C. 541; 75 S. C. 512; 79 S. C. 478. *Consideration for deed:* 71 S. C. 577; 44 S. C. 378; 59 S C. 560; 53 S. C. 348; 57 S. C. 95; 56 S. C. 169; 40 S. E. 179; 48 S. E. 400. *Refusal to charge:* 69 S. E. 1055; 66 S. E. 514; 61 S. E. 530.

*Messrs R. Lon Weeks* and *E. J. Dennis,* for respondent. The former cites: 20 S. C. 232; 52 S..C. 132; 1 Hill L. 16.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action by plaintiffs against the defendant to set aside a deed of conveyance by Josiah Stevens, deceased, to F. A. Dunning. The complaint alleges: That the plaintiffs, respectively, are the widow and daughter of the deceased, Josiah Stevens. That Josiah Stevens died intestate on December 28, 1913, leaving the plaintiffs as his only surviving heirs. That on May 23, 1913, the deceased executed a deed of conveyance to the premises described in the complaint in this action 290 acres for $300 to Dunning, but the plaintiffs allege that the deed is invalid on three grounds: That the deed was without valuable consideration, and was not delivered, and was executed for the purpose of fraudulently defeating the lawful rights and interests of the plaintiffs in the premises, and to favor persons who could not take from the deceased directly, and that all of these facts were personally known to Dunning, who conspired with the deceased for the purpose of defeating the rights of the plaintiffs, and especially the widow, who was estranged from her

husband, and the deceased for years had lived apart from her. The answer denied the allegations of the complaint, and alleged that the deed of conveyance was executed for a valuable consideration, and that he was the owner in fee of the land in question.

The cause was tried in March, 1916, term of Court for Berkeley county before his Honor, Judge Memminger, and a jury. Motion for a nonsuit and for a direction of a verdict were made by the defendant; both were overruled.

His Honor submitted the following issues to the jury:

(1) "Was the plaintiff, Mrs. Susan Stevens, the lawful wife of Josiah Stevens, deceased, and the plaintiff, Mrs. Barcha Josephine Bunch, the only lawful child of their marriage?" (2) "Is the deed in question a valid deed?"

The jury answered the first question "Yes," and the second question "No." Thereupon the presiding Judge signed an order confirming the verdict of the jury. After entry of judgment defendant appeals, and by 18 exceptions alleges error and seeks reversal.

It is unnecessary to consider all of the exceptions, but we will first consider the testimony as to whether or not the deed in question was ever delivered to the defendant. If it was not then, no further consideration of the case is necessary.

The jury found that the deed in question was invalid, and the Court concurred in this finding. If the deed in question was never delivered, then it was not a valid deed, and the defendant acquired no right, title or interest thereunder.

The defendant's evidence is that the deed was prepared and turned over to him, and he had it in his possession two months before Stevens' death, but he did not pay the money, but returned the deed because there was no renunciation of dower by the wife; that there was no consummation of the trade and no payment of money although he stood ready to pay when the deed was perfected and dower renounced; that Stevens died on December 28, 1913, and he paid the

money on February 5, 1914, to Mr. Herndon, a lawyer in Charleston, and got the deed with a renunciation of dower on it, not by the plaintiff in this case who is found by the jury to be the lawful wife of Stevens, but by one Nora Harmon or Nora Stevens, who claimed to be the wife of Stevens. We cannot escape the conclusion that not only was there sufficient evidence to sustain the finding of the jury, concurred in by the trial Judge, that the deed was invalid, but no other reasonable inference can be drawn from the evidence that the deed never was legally delivered to the defendant.

Stevens and Dunning negotiated for the sale, a deed was prepared and signed by Stevens and offered to Dunning. Dunning declined to accept it until proper renunciation of dower was made by the wife of Stevens, and it was returned for that purpose; before this was done Stevens dies, and some months later the pretended wife of Stevens renounces dower, and the money is paid over, not to a legal representative of Stevens or his heirs at law, but an attorney at law. Even if Mr. Herndon was the attorney of Stevens as an attorney at law or attorney in fact his authority ceased and was revoked by Stevens' death, and he had no power or authority to represent him after his death. Any authority he had as agent or attorney ceased with the death of Stevens. *Johnson* v. *Johnson, 27* S. C. 316, 3 S. E. 606, 13 Am. St. Rep. 636.

Stevens died before the deed was delivered or the money paid, and the attorney, Herndon, had no power or authority after his death to deliver the deed and collect the money set forth in the deed as the consideration. Having reached the conclusion that the finding of the jury, concurred in by the trial Judge, that the deed was invalid in that it was never legally delivered to the defendant, this conclusively determines the cause, and it is unnecessary to consider the other exceptions in the case.

The exceptions are overruled, and judgment affirmed.