22024

CITIZENS AND SOUTHERN SYSTEMS, INCORPORATED, Appellant, v. The SOUTH CAROLINA TAX COMMISSION, Respondent.

(311 S. E. (2d) 717)

*J. Christopher Henderson* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ronald W. Urban,* Columbia, *for respondent.*

*Manning Smith* of *Belser, Ravenel & Smith,* Titusville, Fla., *for amicus curiae Computer Systems Architects, Inc.*

*J. Donald Dial, Jr.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, and *Ronald Julian Palenski,* of Arlington, Va., *for amicus curiae of Data Processing Organizations, Inc.*

Jan. 10, 1984.

GREGORY, Justice:

Appellant Citizens and Southern Systems, Incorporated (C & S) brought this action to recover taxes paid under protest to respondent South Carolina Tax Commission (the Tax Commission). The sole issue on appeal is whether a sale of computer software is a sale of "tangible personal property" as defined in S. C. Code Ann. § 12-35-140 (1976), and therefore subject to the State's sales and use tax. We affirm.

Computer software generally refers to the instructions and directions which dictate or otherwise enable a computer to perform various functions. The information may be carried in different ways, including magnetic tapes, as here, telephone transmission, punch cards, and personal programming. With the magnetic tape, once the information is transferred into the computer's memory, the tape is of negligible value to the purchaser, and the tape may be destroyed or returned to the seller.

C & S paid use taxes under protest in the amout of Two Thousand Three Hundred Seventy-Six ($2,376.00) Dollars on the purchase of software. They subsequently brought this action to recover the amount paid under protest, asserting the sale of computer software was a sale of intangible personal property, a sale of services, or a sale of both. C & S thus argued the software was not subject to the sales and use tax imposed by Chapter 35 of Title 12 of the Code.

The Tax Commission, relying on Sales and Use Tax Regulation 117-174.262, S. C. Code Ann. Vol. 27, contended the software was subject to sales and use tax.

The primary consideration in statutory construction is the intention of the legislature. *See* cases collected in 17 West's South Carolina Digest, Statutes, Key No. 181. Where the terms of a statute are clear and unambiguous, there is no room for construction and courts must apply them according to their literal meaning. *Home Building & Loan Association v. City of Spartanburg*, 185 S. C. 313, 194 S. E. 139 (1937).

"Tangible personal property" is defined in § 12-35-140 of the Code as "personal property which may be seen, weighed, measured, felt or touched or which is in any other manner

perceptible to the senses, except notes, bonds, mortgages or other evidences of debt and stocks and shall include rooms, lodgings or accommodations furnished to transients for a consideration."

The trial judge found that the magnetic tape which delivered the information to the purchaser could be seen, weighed, measured, felt, and touched, and therefore, came within the definition of "tangible personal property," § 12-35-140 of the Code.

The judge compared the sale of magnetic tapes to a sale of books or phonograph records. He observed that if a professor were to convey knowledge or information to students in person, a sales tax would not be assessed upon the fees charged; however, if the professor published that knowledge or information in a book or recorded it on a phonograph disc, a sales tax would be assessed upon the sale of the book or record. Generally, the value of books and records is the matter which is contained in them, an intangible; the value is not in the paper, binding, or printer's ink.

Appellants rely on the reasoning in cases which hold the sale of computer software is not subject to sales or use tax because it is a sale of an intangible. Those courts distinguish software from books, records, and movies because of the separability of the computer program from the magnetic tape and the inherent inseparability of the matter contained in a book, on a record, or in a movie from the book, record or movie. *See, e.g., First National Bank of Springfield v. Dept. of Revenue,* 85 Ill. (2d) 84, 51 Ill. Dec. 667, 421 N. E. (2d) 175 (1981); *Commerce Union Bank v. Tidwell,* 538 S. W. (2d) 405 (Tenn. 1976).

We agree with the Maryland Court of Appeals in *Comptroller of the Treasury v. Equitable Trust,* 296 Md. 459, 464 A. (2d) 248, 255 (1983), which stated, "[T]he taxability of a sale of a canned program copy should not turn on whether the buyer stores the program in memory. A tax system cannot be administered dependent upon whether or not, at the time of the transaction, the buyer's intent is to store the program continuously in memory." We do not think the taxability of a sale of computer software depends upon the separability of the program from the tape.

Appellant asserts the instructions could have been intro-

duced into the computer through intangible means, telephone transmission or personal programming, and that only because the instructions were introduced by tangible means, magnetic tape, is the sale taxed, and contends the medium of transmission is not what should be taxed. We agree with the Supreme Court of Vermont in *Chittenden Trust Company v. King*, Vt., 465 A. (2d) 1100, 1102 (1983), which held the bank had to accept the consequences of its choice to purchase the computer program in the form of a magnetic tape, finding that "[t]o base the tax consequences of a transaction on how it could have been structured 'would require rejection of the established tax principle that a transaction is to be given its tax effect in accord with what actually occurred and not in accord with what might have occurred.' (citation omitted)."

We agree with the trial judge that the computer software was delivered to C & S in a form which could be seen, weighed, measured, felt, and touched and was therefore tangible personal property, a sale of which is subject to the State's sales and use taxes.

In view of our disposition of this issue, appellant's argument that the imposition by the Tax Commission of a use tax on the sale of computer software constituted a taking of property without due process of law is without merit.

We affirm the order of the trial judge.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL JJ., concur.