0611

COLUMBIA POOLS, INC., Respondent v. John J. GALVIN, Appellant.

(339 S. E. (2d) 524)

Court of Appeals

*Joe E. Berry, Jr.*, of *Berry, Dunbar, Woods & Jordan*, Columbia, *for appellant.*

*George Allen Graab, Jr.*, Columbia, *for respondent.*

Heard Nov. 13, 1985.

Decided Jan. 21, 1986.

SHAW, Judge:

This is an action to vacate a default judgment. Respondent Columbia Pools, Inc. brought an action against appellant John J. Galvin on a contract for the construction of a swimming pool. Columbia Pools alleges Galvin failed to pay the total contract price and an amount for extras. Columbia Pools obtained a default judgment and Galvin moved to have the judgment vacated. The trial court denied the motion and Galvin appeals. We reverse and vacate the default judgment.

Columbia Pools served a summons and complaint on Galvin on March 3, 1982. Galvin delivered the documents to his attorney, but mistakenly informed him the date of service was March 4, 1982. Galvin's attorney, relying on March 4 as the date of service, answered and counterclaimed and served Columbia Pools by mail on March 24, 1982. Had March 4 been the correct date of service, Galvin's answer would have been timely. However, since March 3 is the date of service, the answer was one day late. Columbia Pools refused to accept the answer and was granted a default judgment.

Galvin charges the trial court erred in denying him relief from the default judgment under S. C. Code Ann. § 15-27-130 (1976). We agree. Section 15-27-130 (1976) provides a party may be granted relief "... from a judgment ... taken against him through his mistake, inadvertence, surprise, or excusable neglect. ..." The granting of relief under this section is within the sound discretion of the trial court and its decision will not be disturbed absent abuse of discretion. *Em-Co Metal Products, Inc. v. The Great Atlantic & Pacific Tea Co., Inc.*, 280 S. C. 107, 311 S. E. (2d) 83 (Ct. App. 1984).

A trial court abuses its discretion when its decision is controlled by an error of law or, if based on factual conclusions, is without evidentiary support. *Ledford v. Pennsylvania Life Ins. Co.*, 267 S. C. 671, 230 S. E. (2d) 900 (1976). The trial judge based his denial of Galvin's motion to vacate on his finding of no excusable neglect. Evidently, the trial judge concluded relief is unavailable under § 15-27-130 without a finding of excusable neglect. We hold this conclusion is based on an error of law because § 15-27-130 affords four bases for relief. Excusable neglect is merely one reason a trial judge may grant relief from a default judgment. The statute clearly lists these four bases as "mistake, inadvertence, surprise, or excusable neglect. . . ."

In construing a statute, this court must give prime consideration to the intention of the legislature. *Citizens and Southern Systems, Inc. v. South Carolina Tax Commission*, 280 S. C. 138, 311 S. E. (2d) 717 (1984). Further, if the language of a statute is clear, we must hold it to mean what it plainly says. *Detyens v. C. E. Maguire, Inc.*, 284 S. C. 198, 324 S. E. (2d) 648 (Ct. App. 1984). We find the plain language of § 15-27-130 clearly expresses an intent by the legislature that mistake constitutes a basis for a trial court, exercising its sound discretion, to vacate a default judgment under the proper circumstances. Therefore, we hold that where there is a good faith mistake of fact, and, no attempt to thwart the judicial system, there is basis for relief. We favor trial of issues on merit over securing judgment by slight technicalities. The default judgment is vacated.

In view of our decision, we need not address Galvin's other assignments of error.

Reversed.

BELL and GOOLSBY, JJ., concur.