1821

GREENVILLE INCOME PARTNERS, a South Carolina General Partnership, Respondent v. George F. HOLMAN and George Clark, of whom George Clark is Appellant. Appeal of George CLARK.

(417 S.E. (2d) 107)

Court of Appeals

---

*Stephanie A. Holmes* and *Phillip E. Reeves*, of *Gibbes & Clarkson*, Greenville, *for appellant.*

*Robert E. Hoskins*, of *Foster, Foster & Fortson*, Greenville, *for respondent.*

Heard Apr. 15, 1992; Decided May 11, 1992.

Reh. Den. June 2, 1992.

CURETON, Judge:

The question presented in this appeal is whether the trial court should be charged with reversible error for refusing to grant appellant's motion to set aside a judgment against him pursuant to Rule 60(b), SCRCP. We affirm.

Greenville Income Partners (Partnership) commenced this suit against George F. Holman and George Clark seeking payment of a promissory note. Clark was served with the pleadings at his residence in Michigan by service on a woman at the residence who apparently identified herself as his daughter. Clark did not answer the complaint and the court entered a default against him.[1] According to the appealed order, a damages hearing was scheduled for February 13, 1989. At this hearing, Clark was represented by an attorney who argued Clark should be allowed to answer on the grounds of improper service and excusable neglect. The appealed order further states "Judge Ellis B. Drew agreed to allow Clark to answer and admit liability."

On May 1, 1989, Clark's attorney accepted service of the pleadings and on May 11, 1989, answered the complaint admitting liability on the note. On May 12, 1989, the Partnership moved for summary judgment on the ground there was no genuine issue of material fact since Clark had admitted liability on the note. On May 22, 1989, Judge Drew entered an order granting the Partnership a judgment in the sum of $74,202.83 plus interest and attorney fees. No appeal was taken from that order.

---

[1] A judgment was entered against Holman, cosigner of the note, by the court on February 7, 1989, pursuant to an answer filed by Holman admitting liability.

On December 22, 1989, Clark moved to set aside the May 22, 1989, judgment on the grounds that due to mistake, inadvertence, and excusable neglect his attorney failed to assert several meritorious defenses to the action and the court lacked jurisdiction over him "due to an insufficiency of service of process and lack of personal jurisdiction over him."

The trial court held the acceptance of service by Clark's attorney was effective to afford jurisdiction to the court. Additionally, the court held Clark's answer of May 11, 1989, failed to assert any meritorious defenses. Thus, the court denied Clark's motion to set aside the judgment.

■ Clark argues on appeal the trial court should have granted him relief from the judgment because the failure of his attorney to argue his meritorious defenses is excusable. His meritorious defenses are listed in his brief as follows: (1) he was not properly served with the summons and complaint; (2) he had sufficient contacts with this state to afford jurisdiction over him; and (3) he never signed the note on which the judgment is based.[2]

According to the appealed order, Clark's attorney argued both excusable neglect and improper service before Judge Drew on February 13, 1989. Contrary to Clark's contention that Judge Drew permitted his attorney to answer only on condition he admitted liability, the order states only that "Defendant was allowed to answer and filed same on May 11, 1989." In any event, Clark has not appealed the rulings of Judge Drew and nd this court will not, on his unsupported statement, accept his suggestion that he court precluded his attorney from asserting certain defenses.[3]

■ The question then becomes whether the asserted failure of an attorney to interpose available defenses amounts to the kind of mistake, surprise, inadvertence, and excusable neglect contemplated by Rule 60(b). We hold it does not. The acts of an attorney are directly attributable to and binding on his client. *Mitchell Supply Co. Inc. v. Gaffney,*

[2] The latter two defenses, if argued before the trial judge, are not mentioned in his order. No Rule 59(e) motion was made to consider the defenses. Thus, these bases for reversal are not properly before us.

[3] In fact, we note Clark's answer does deny liability for attorney fees of fifteen percent and further denies he executed or authorized delivery of an Assignment of Rents, Leases and Profits.

297 S.C. 160, 375 S.E. (2d) 321 (Ct. App. 1988); *Arnold v. Yarborough*, 281 S.C. 570, 316 S.E. (2d) 416 (Ct. App. 1984).

Clark cites the Fourth Circuit Court of Appeals case of *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F. (2d) 808 (4th Cir. 1988) in support of his position. In that case, the court permitted relief from judgment, where after negotiations broke down, Augusta Fiberglass's counsel served an amended complaint on Fodor's counsel. Fodor's counsel, believing the negotiations were ongoing, failed to answer and a default judgment was entered. The circuit court reversed the district court stating a distinction should be made between the inadvertence of counsel and the inadvertence of a party. It held it would protect a wholly innocent party against whom judgment was entered due to mistake of counsel. We think *Augusta Fiberglass Coatings* is distinguishable from the case at hand. Moreover, Clark has received basically the same relief afforded Fodor in *Augusta Fiberglass Coatings* in that he was permitted to file an answer.

To permit Clark to set aside the judgment after his attorney filed an answer based upon the assertion the attorney mistakenly or inadvertently failed to assert all of Clark's defenses in the answer would unnecessarily make the validity of many judgments rather fragile. Experience reflects that frequently defenses are overlooked or discovered too late. Moreover, we are not convinced that under the circumstances of this case, it was not sound trial strategy for Clark's attorney to have handled his defense in the manner he did.

Accordingly, the order of the trial court is

Affirmed.

BELL and GOOLSBY, JJ., concur.