554 S.E.2d 427

Randy L. HILLMAN, Appellant,

v.

Robert Eugene PINION and Pamela Denise Gent, Personal
Representatives for the Estate of Brenda Dodd
Hillman, Deceased, Respondents.

No. 3394.

Court of Appeals of South Carolina.

Heard Sept. 4, 2001.

Decided Oct. 15, 2001.

254

H. Jeff McLeod, of Anderson, for appellant.

W. Robert Owens, Jr., of Walhalla, for respondents.

HEARN, Chief Judge:

Randy L. Hillman (Husband) appeals a family court order denying his motion for relief from a consent order which dismissed with prejudice his domestic action against Brenda Dodd Hillman (Wife). We affirm.

## FACTS AND PROCEDURAL HISTORY

The parties married in December 1990. In July 1997, Husband brought an action for a divorce on the grounds of physical cruelty or habitual drunkenness, and equitable division of marital property. Wife answered, denying Husband's entitlement to a divorce on these grounds, and counterclaimed for a divorce on the ground of physical cruelty and equitable division of marital property.

On July 25, 1997, the family court issued a temporary order granting Wife possession of the marital home. The issue of whether the home was marital property subject to equitable distribution was held in abeyance pending a later hearing. The action was administratively struck from the family court roster on May 21, 1998.

Prior to the final hearing, Wife died testate. In September 1999, Husband's attorney initiated a proposed consent order to dismiss the case with prejudice. Wife's attorney consented to the dismissal and, by consent order dated December 1, 1999, the court dismissed the action with prejudice. Neither party appealed the order of dismissal.

In January 2000, Husband's new attorney filed a motion with the family court seeking: (1) substitution of Husband's attorney; (2) relief from the order of dismissal pursuant to Rule 60, SCRCP; and (3) substitution of the personal representative of Wife's estate for Wife. Husband's position was that the dismissal should be set aside pursuant to Rule 60 because all the parties were operating under the mistaken belief that during the pendency of a divorce action, the death of one party to the action rendered the action moot. On January 31, 2000, the family court entered a consent order relieving Husband's original attorney and substituting Husband's new attorney.[1] Although the court noted the equitable distribution claims did not automatically abate on Wife's death, the court nonetheless denied the motion for relief and the motion to substitute the personal representative of Wife's estate for Wife. The court reasoned Husband's prior attorney acted within his authority in stipulating to a dismissal and was not formally relieved from the case until January 31, 2000. Husband filed a motion for reconsideration which was denied. This appeal followed.

## STANDARD OF REVIEW

Motions for relief under Rule 60(b) are within the trial court's discretion, and this court will not reverse the trial court absent an abuse of discretion. *Tri–County Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E.2d 779, 782

---

1. We have substituted the personal representatives of Wife's estate for Wife as a party to this action.

(1990); *Coleman v. Dunlap*, 303 S.C. 511, 513, 402 S.E.2d 181, 183 (Ct.App.1991). An abuse of discretion arises when the trial court was controlled by an error of law or when the order is without evidentiary support. *Goodson v. Am. Bankers Ins. Co.*, 295 S.C. 400, 402, 368 S.E.2d 687, 689 (Ct.App.1988).

## DISCUSSION

■ Husband asserts the trial court should have granted his motion for relief from judgment on the ground of mistake. He claims his attorney mistakenly believed Wife's death abated the action for equitable apportionment and based on that mistake, Husband's attorney improperly sought to dismiss the case. Therefore, Husband asserts that Rule 60(b)(1), SCRCP entitles him to relief. We disagree.

■ Rule 60(b)(1), SCRCP provides that this court may relieve a party from a final judgment or order if the judgment or order was induced by mistake, inadvertence, surprise, or excusable neglect. This rule is an appropriate remedy for good faith mistakes of fact if all other applicable factors are met. *See Columbia Pools, Inc. v. Galvin*, 288 S.C. 59, 61, 339 S.E.2d 524, 525 (Ct.App.1986).[2] However, a party may not generally use Rule 60(b)(1) as a vehicle for relief from a mistake of law.[3] *See Savage v. Cannon*, 204 S.C. 473, 30 S.E.2d 70 (1944); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2858 (1973) (stating that an appellant is not entitled to relief under Rule 60(b)(1) for ignorance of the rules or ignorance of the law).[4]

---

**2.** *Columbia Pools* arose under S.C.Code Ann. § 15–27–130 (1976) which was later repealed and replaced by Rule 60, SCRCP. *See Sijon v. Green*, 289 S.C. 126, 127, 345 S.E.2d 246, 247 (1986).

**3.** Many other state courts and federal courts have addressed this issue and held that Rule 60(b)(1) only applies to errors of fact. *See Chang v. Smith*, 778 F.2d 83 (1st Cir.1985); *Flint v. Howard*, 464 F.2d 1084 (1st Cir.1972); *U.S. v. Erdoss*, 440 F.2d 1221 (C.A.2d 1971); *Andrews v. Time, Inc.*, 690 F.Supp. 362 (E.D.Penn.1988); *Swam v. United States*, 327 F.2d 431 (7th Cir.1964); *Kingsbury v. Brown*, 60 Idaho 464, 92 P.2d 1053 (1939); *Johnson–Olson Floor Coverings, Inc. v. Branthaver*, 94 Ill.App.2d 394, 236 N.E.2d 903 (1968); *Carty v. Toro*, 223 Ind. 1, 57 N.E.2d 434 (1944).

**4.** *Savage* arose under § 495 (1942) which was later repealed and replaced by Rule 60, SCRCP.

The mistake Husband asserts entitles him to relief under Rule 60(b)(1), SCRCP is the parties' mistaken assumption that Wife's death abated the equitable apportionment action. This court has held that the death of one party to an action does not abate an action for equitable distribution. *Hodge v. Hodge,* 305 S.C. 521, 525, 409 S.E.2d 436, 439 (Ct.App.1991); *but cf. Louthian & Merritt, P.A. v. Davis,* 272 S.C. 330, 251 S.E.2d 757 (1979) (holding that the death of a party abates a divorce action). However, because this is a mistake of law, not fact, we find this is not the type of mistake, surprise, inadvertence, and excusable neglect generally contemplated by Rule 60(b)(1). *See Savage,* 204 S.C. at 477, 30 S.E.2d at 71; *Columbia Pools,* 288 S.C. at 61, 339 S.E.2d at 525.

Further, Husband's attorney initiated the dismissal. The acts of an attorney are directly attributable to and binding on his client. *Greenville Income Partners v. Holman,* 308 S.C. 105, 107, 417 S.E.2d 107, 108 (Ct.App.1992); *Mitchell Supply Co. v. Gaffney,* 297 S.C. 160, 375 S.E.2d 321 (Ct.App. 1988). The general rule is that the neglect of the attorney is the neglect of the client, and no mistake attributable to an attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client. *Simon v. Flowers,* 231 S.C. 545, 99 S.E.2d 391 (1957). The family court granted the order of dismissal on Husband's own motion and therefore any error the court committed in granting the motion was of Husband's own making. Husband will not be heard to complain on appeal of an error he voluntarily committed before the trial court. *State v. Babb,* 299 S.C. 451, 455, 385 S.E.2d 827, 829 (1989) (noting a party cannot be heard to complain of an error his own conduct induced). Accordingly, we affirm the family court's denial of Husband's motion for relief from judgment on the ground of mistake.

Husband also asserts Wife's attorney lacked authority to consent to the dismissal and therefore the dismissal is void. We disagree.

After Wife's death, her attorney in the family court action immediately began representing her estate, and a notice to creditors was published. This notice was before the family court at the time of dismissal and is included in our record on appeal. The notice to creditors denotes Wife's attorney as the

attorney for Wife's estate. Further, at the hearing to reopen the family court case, Wife's attorney stated that he immediately began representing Wife's estate at Wife's death per an agreement with the personal representative of Wife's estate and Husband's original attorney. We find that under the facts of this case, Wife's attorney's authority did not terminate at Wife's death.[5] Rather, Wife's attorney had authority to consent to the dismissal order because he was representing Wife's estate and all parties had notice of this representation. Because Wife's attorney had authority to consent to the dismissal, Husband's argument is unavailing.

Husband further contends the family court's order dismissing the action with prejudice is void because the court did not acquire jurisdiction over Wife's estate before ordering the dismissal. We disagree.

Rule 25, SCRCP provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided by Rule 4 for the service of summons. If substitution is not made within a reasonable time, the action may be dismissed as to the deceased party.

The plain language of Rule 25 suggests the family court need not obtain jurisdiction over a deceased party's estate to dismiss the deceased party from an action. In fact, the rule specifically provides for the dismissal of a deceased party where substitution of the proper parties *does not* occur within a reasonable amount of time. Therefore, Husband's argument is unavailing.

---

5. We note, however, that generally an attorney's authority to act for his or her client ends at that client's death. *Carver v. Morrow*, 213 S.C. 199, 48 S.E.2d 814 (1948); *Bunch v. Dunning*, 106 S.C. 300, 91 S.E. 331 (1917). Our holding, that Wife's attorney's authority continued after Wife's death, does not alter this general rule, but rather is limited to the specific facts of this case.

For the foregoing reasons, the decision of the family court is **AFFIRMED.**

CURETON and HOWARD, JJ., concur.