THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Transportation,       
Respondent,
 
 
 

v.

 
 
 
Grace M. Phillips, William R. Martin, & 
 Eyleen R. Martin., as Landowners, & Grace M. Phillips, William R. 
 Martin, & Eyleen R. Martin, as Trustees under the Will of Thomas L. 
 Martin,        Appellants.
 
 
 

Appeal From Greenville County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-391
Submitted June 9, 2003  Filed June 
 12, 2003

AFFIRMED

 
 
 
Donald C. Coggins, J. Mark Hayes, and Max Hyde, Jr., all of 
 Spartanburg, for Respondent.
Larry Estridge and Jacquelyn Austin, both of Greenville, for 
 Appellants.
 
 
 

 PER CURIAM:   Affirmed 
 pursuant to Rule 220(b)(2), SCACR, and the following authorities: As to all 
 issues: Rule 60(b), SCRCP (stating the court may relieve a party . . . from 
 a final judgment, order, or proceeding for the following reasons: . . . (3) 
 fraud, misrepresentation, or other misconduct of an adverse party); Coleman 
 v. Dunlap, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992) (Whether to grant 
 or deny a motion under SCRCP 60(b) is within the sound discretion of the judge.); 
 Hillman v. Pinion, 347 S.C. 253, 255, 554 S.E.2d 427, 429 (Ct. App. 2001) 
 ([T]his [C]ourt will not reverse the trial court absent an abuse of discretion.); 
 Steinke v. S.C. Dept of Labor, Licensing & Regulation, 336 S.C. 
 373, 398, 520 S.E.2d 142, 155 (1999) (An abuse of discretion arises where the 
 trial court was controlled by an error of law or where its order is based on 
 factual conclusions that are without evidentiary support.); Bowers v. Bowers, 
 304 S.C. 65, 67-68, 403 S.E.2d 127, 129 (Ct. App. 1991) (The movant in a Rule 
 60(b) motion has the burden of presenting evidence proving the facts essential 
 to entitle himself to relief . . . .  Fraud, misrepresentation, or other misconduct 
 is not to be presumed; the burden of proof as to these charges is upon the moving 
 party; and they must ordinarily be proved by clear and convincing evidence. 
 (quoting 7 Moores Fed. Prac. § 60.24[5] at 60-217 (1990))); cf. 
 Robertson v. First Union Natl Bank, 350 S.C. 339, 347-49, 565 S.E.2d 
 309, 313-14 (Ct. App. 2002) (holding failure to prove any element of 
 fraud or negligent misrepresentation is fatal to the action).
AFFIRMED.[1]
GOOLSBY and HOWARD, JJ., and BEATTY, Acting Judge, 
 concur.

 
 [1] 
 Because oral argument would not aid the Court in resolving any issue on appeal, 
 we decide this case without oral argument pursuant to Rule 215, SCACR.