THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Rita Thomas,       
Respondent,
 
 
 

v.

 
 
 
Penny Orrel,       
Appellant.
 
 
 

Appeal From Jasper County
Danny Henderson, Special Referee

Unpublished Opinion No. 2003-UP-556
Submitted July 15, 2003  Filed September 
 26, 2003   

AFFIRMED

 
 
 
George H. Kearse, of Allendale, Pete Kulmala, of Barnwell, for Appellant
R. Thayer Rivers, Jr., of Ridgeland, for Respondent(s).
 
 
 

PER CURIAM:  The underlying suit 
 in this case involves an action by Rita Thomas to cancel a bond for title given 
 by Penny Orrel for the purchase of 7.28 acres of property in Jasper County.  
 After hearing initial motions in the matter, the circuit court referred the 
 case to a special referee with finality.  Orrel appeals the special referees 
 refusal to set aside the entry of default against her and the order granting 
 Thomas a rescission of the contract for sale.  We affirm. 
FACTUAL/PROCEDURAL HISTORY
On September 30, 1997, Thomas filed 
 a Summons and Petition for Cancellation of Bond for Title, alleging that Orrel 
 was in default by failing to make timely payments on the contract for the purchase 
 7.28 acres in Jasper County from Thomas for $27,000.  Orrel timely filed and 
 served her Answer and Counterclaim.  Orrel alleged in her counterclaim that 
 Thomas misrepresented the restrictive covenants on the property, refused to 
 provide Orrel with an accounting, refused to give Orrel credit for her downpayment 
 and money earned from the sale of timber on the property, and failed to inform 
 Orrel that she was considered in default while still accepting, but not cashing, 
 payments from her.  
Orrels counsel, attorney Bruce Hoffman, 
 filed a motion to be relieved as counsel on April 27, 1999, alleging Orrel ignored 
 warning letters he mailed to her, would no longer communicate with him, and 
 failed to pay him for his services.   Hoffman served Orrel with the motion via 
 mail.   On May 20, 1999, the circuit court issued an order provisionally relieving 
 Hoffman as Orrels attorney pending service of Orrel.   
On the date the case was scheduled to go to trial, 
 Orrel did not appear.   Hoffman informed the court that he had unsuccessfully 
 attempted to contact Orrel at her last known address in Savannah, Georgia, he 
 had not heard from Orrel since January 1999, he learned from her employer that 
 she no longer worked there, and her home and cellular telephone numbers had 
 been disconnected.   An affidavit from Thomas process server indicated that 
 he likewise was unable to locate Orrel at her last known home and employers 
 addresses.  
The circuit court issued an Order of Default and 
 Reference on June 25, 1999.   The court found that both attorney Hoffman and 
 Thomass attorney had attempted to serve Orrel at her last known address, that 
 a process server for Thomas had learned that Orrel had quit her job and left 
 her apartment without a forwarding address for a period of at least ninety days 
 prior to attempted service, and that Orrel had failed to communicate with Hoffman 
 since January 1999.   Based on the affidavits, the circuit court declared Orrel 
 in default for failure to defend pursuant to Rule 55, SCRCP, struck Orrels 
 counterclaim, finally relieved Hoffman as Orrels attorney, and referred the 
 matter to a special referee for a final order. 
On July 26, 1999, Hoffman filed a Notice 
 and Motion to Set Aside the Default and Order Dismissing Counterclaim, alleging 
 that good cause existed to set aside the default.   The attached affidavit of 
 Orrel averred that her ex-husband was abusive, he threatened to kill her and 
 her two children, and he burned down her boyfriends apartment.  The affidavit 
 further provided:

I had to run for my life, I feared for the safety of my 
 children and myself.  I had to break all contact with anyone who might tell 
 my husband my location.  My attorney Bruce Hoffman did not know where I was 
 or how to contact me.  I could not contact Mr. Hoffman because he at the 
 time also represented my ex-husband in another case.  I did not abandon my case, 
 but I truly felt that I must protect my children and myself.  I have meritorious 
 claims and defenses and I want the court to hear them.  Please put this case 
 back on the calendar for trial.  My current location must be kept private no 
 matter what.  

(emphasis added).   On January 21, 2000, Hoffman 
 filed another Notice of Motion and Motion To Withdraw as Attorney of Record, 
 alleging Orrel refused to sign a fee agreement and misrepresented essential 
 matters to him.  Hoffman was relieved as attorney of record for Orrel via consent 
 order on March 13, 2000. 
A hearing was held before the special referee to 
 determine the Motion to Set Aside the Default and the merits of the default 
 case.  After hearing both parties on the matter, the special referee issued 
 an order on March 18, 2002, denying Orrels motion to set aside the default 
 and granting Thomas suit to rescind the land sale contract.   Orrel appeals.
ISSUES
I.   Whether the special referee erred in refusing 
 to set aside the default based upon Orrels showing of good cause consisting 
 of lack of notice and equity of redemption?
II.  Whether the special referee erred in canceling 
 the Bond for Title because Thomas failed to prove Orrel was in default of the 
 agreement and cancellation disregarded Orrels equitable interest in the property?
DISCUSSION
A.  Set Aside Default Judgment
Orrel argues the special referee erred 
 in refusing to set aside the default judgment against her because her lack of 
 notice that Hoffman had moved to be relieved the first time and her equitable 
 interest in the property constituted good cause. 
 [1]    
Although her affidavit in support of 
 her motion to set aside the default judgment stated that Hoffman had no way 
 of contacting her, Orrel testified before the special referee that Hoffman knew 
 at all times how to contact her, that her mail was forwarded from her former 
 Savannah, Georgia address to her Millen, Georgia address, and that her cellular 
 telephone number she gave to Hoffman remained the same.  She denied ever receiving 
 any written or oral communication from Hoffman regarding her case or his motion 
 to be relieved and stated that she contacted him in July of 1999 to inquire 
 on the status of her case. 
The special referee noted the discrepancy in Orrels 
 testimony and Hoffmans assertions at the hearing on the first motion to be 
 relieved.  Accepting Orrels testimony as true, the special referee found that 
 Hoffman had the ability to contact Orrel and notify her of matters in her case 
 but failed to do so.   The referee denied the motion to set aside the default, 
 noting that Hoffman was acting on behalf of Orrel and she was bound by the actions 
 of her attorney.  The referee also found that he could not hold Hoffmans failure 
 to contact Orrel against Thomas.   In the written order, the special 
 referee further noted the inconsistencies in both Hoffmans and Orrels representations 
 to the court and held that he could not grant relief under Rule 60(b) to someone 
 who had placed herself in the present situation.  
Relief from judgment under Rule 60, 
 SCRCP, rests within the sound discretion of the circuit court, and the circuit 
 courts findings will not be disturbed on appeal absent an abuse of discretion.  
 Thompson v. Hammond, 299 S.C. 116, 119, 382 S.E.2d 900, 903 (1989).  
 A circuit court may relieve a party from a final judgment pursuant to Rule 60(b)(1), 
 SCRCP, where a party shows the judgment or order was induced by mistake, inadvertence, 
 surprise, or excusable neglect.  See Hillman v. Pinion ex. rel Estate 
 of Hillman, 347 S.C. 253, 256, 554 S.E.2d 427, 429 (Ct. App. 2001).  A party 
 may also seek to be relieved from judgment by showing fraud, misrepresentation, 
 or other misconduct of the adverse party.  Rule 60(b)(3), SCRCP.  In determining 
 whether to grant a motion under Rule 60(b), the trial judge should consider:  
 (1) the promptness with which relief is sought, (2) the reasons for the failure 
 to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice 
 to the other party.  Mictronics, Inc. v. South Carolina Dept of Revenue, 
 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001).  
Reviewing the facts in the present case, 
 the special referee did not abuse his discretion in refusing to relieve Orrel 
 from the default judgment.  Orrels testimony that her attorney knew how to 
 contact her contradicted her own affidavit that the attorney did not know how 
 to reach her.  Although it is understandable that Orrel would be fearful considering 
 her domestic situation, she removed herself from her prior address without informing 
 Hoffman that she had left.  Orrels failure to contact her attorney or inform 
 him of her whereabouts made it impossible for him to give her notice of the 
 hearing on the first motion to be relieved.  In this instance, lack of notice 
 does not constitute a valid reason for Orrels failure to act promptly.  Accordingly, 
 we find no abuse of discretion.
B.        Cancellation of Bond for Title
Orrel argues the special referee erred 
 in ordering the cancellation of the bond for title because Thomas failed to 
 prove Orrel defaulted on payments and the order disregards her equitable interest 
 in the property.  
On April 23, 1993, Thomas and Orrel signed 
 a Contract for Sale (Bond for Title).   The contract provided that Orrel would 
 purchase 7.28 acres in Jasper County from Thomas for $27,000.  Payment of the 
 purchase would be made in monthly payments of $409.70 from June 15, 1993, until 
 June 15, 2001, with a $25.00 late fee added if the payment were not received 
 by the tenth of each month.  The agreement provided that [a]ll payments above 
 the payment amount will be a direct reduction of principal.  The contract further 
 provided as follows:

That it is mutually understood and agreed that time is of 
 the essence of this contract; and if Buyer becomes in default of the payment 
 of any sums under the terms of this contract for a period in excess of two (2) 
 months, the Seller shall have the right to declare this contract terminated, 
 and all sums paid prior to that date shall be forfeited to the Buyer as liquidated 
 damages and deemed to be rent.  Further in such event, the Seller shall be entitled 
 to the immediate possession of the premises and to eject the Buyer theron in 
 the same manner as provided for ejection of a tenant when holding over after 
 the expiration of their contract.

(emphasis added). 
Thomas testified at the hearing before 
 the special referee that Orrel made 35 payments of $510 each month on the agreement.  
 However, Orrel gave Thomas checks in February and March of 1996 which were rejected 
 for insufficient funds.   Although Orrel was able to bring her account current 
 through the April 1996 payment in July 1996, Thomas was unable to cash the checks 
 Orrel gave her as payment thereafter because the bank indicated there was insufficient 
 funds for payment.   At no time during the summer of 1996 did Orrel have enough 
 money in the bank for Thomas to cash the checks.   As of April 1996, the amount 
 due on the contract was $19,774.  
Thomas attorney wrote Orrel a letter on August 
 12, 1996, notifying her that she was four months in arrears and that Thomas 
 was declaring the contract to be terminated.  Thomas testified that although 
 Orrel negotiated payment for the harvesting of timber on the property, Orrel 
 had the timber cut without Thomas permission and the $3,787.10 from the sale 
 went to Edisto Farm Credit Bank to pay Thomas mortgage on the property.   After 
 August 1996, Thomas forwarded all checks Orrel attempted to pay her, including 
 a cashiers check for $1,530, to her attorney without negotiating the instruments.   
 Thomas did not credit Orrels account for the $3,787.10 or the $1,530 cashiers 
 check.   Because Orrel was found in default, Orrel did not testify or present 
 witnesses.  
After hearing testimony and reviewing 
 the evidence, the special referee determined that Thomas was entitled to rescind 
 the bond for title.  
Orrel argues on appeal that although she failed 
 to pay the June and July 1996 payments, she was not in default because the additional 
 $100 Orrel paid each month and the $3,787.10 received from the sale of the timber 
 far exceeded the amounts due on the contract.   Orrel further argues the special 
 referee erred in terminating the bond for title because she had an equitable 
 interest in the property.  
An action for cancellation of a bond 
 for title is an action at equity.  Wilder Corp. v. Wilke, 324 S.C. 570, 
 479 S.E.2d 510 (Ct. App. 1997), affd 330 S.C. 71, 497 S.E.2d 731 (1998).  
 In an appeal from an action at equity tried by a special referee, the appellate 
 court may review the evidence to determine the facts in accordance with its 
 own view of the evidence.  Tiger, Inc. v. Fisher Agro Inc., 301 S.C. 
 229, 237, 391 S.E.2d 538, 543 (1989).  This broad scope of review does not require 
 us to disregard the findings of the referee, who was in a better position to 
 evaluate the credibility of the witnesses.  Tiger, 301 S.C. at 237, 391 
 S.E.2d at 543.  
Orrel did not make these arguments before 
 the special referee.  Accordingly, these issues are not preserved for appellate 
 review.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E. 2d 731, 733 
 (1998).   
In any event, the special referee did not err 
 in finding Thomas was entitled to terminate the bond for title.  A clear reading 
 of the agreement indicates the parties agreed the bond would be terminated if 
 Orrel became two months in arrears.  Thomas testified that she received checks 
 not supported by sufficient funds for the May, June, and July 1996 payments.  
 Orrel essentially admits that she was in arrears on the June and July 1996 payments, 
 although she claims an offset by her previous extra $100 towards the principal 
 amount.  Because the evidence supports the special referees findings, we affirm.
CONCLUSION
The special referee did not abuse his 
 discretion in refusing to set aside the default judgment.  Further, the evidence 
 supports the finding that Thomas was entitled to terminate the bond for title.  
 Accordingly, the special referees order is 
 AFFIRMED.
 HEARN, C.J., CONNOR and ANDERSON, 
 JJ., concur.

 
 
 [1]  There is some controversy in this case over whether the circuit 
 courts order of default was an entry of default or a judgment of default.  
 The circuit court judge did not specify in his order whether he was entering 
 default against Orrel pursuant to Rule 55(a), SCRCP, or whether he was granting 
 a judgment of default pursuant to Rule 55(b), SCRCP.  At the hearing on the 
 motion to set aside the default, the parties discussed whether the order was 
 one for judgment of default under Rule 55(b), and they proceeded with the 
 motion to set aside the default as one for relief from judgment under Rule 
 60(b).  Orrel argues in her brief, however, that the special referee 
 erred in finding the default was a judgment and the matter should have been 
 reviewed as a motion for relief from entry of default under Rule 55(c).   
 Orrel did not object when the special referee and the parties determined the 
 matter was one for relief from judgment of default pursuant to Rule 60(b).  
 Accordingly, this question is not preserved for appellate review and we must 
 review the special referees order as written.  See Joubert v. South 
 Carolina Dept of Soc. Servs., 341 S.C. 176, 534 S.E.2d 1 (Ct. App. 2000) 
 (holding that issues not raised to or ruled upon by the trial court are not 
 preserved for appellate review).