THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Debra M. Knight,       
Respondent,
 
 
 

v.

 
 
 
Jack Knight, Jr.,       
Appellant.
 
 
 

Appeal From Spartanburg County
Aphrodite K. Konduros, Family Court 
 Judge

Unpublished Opinion No. 2005-UP-082
Submitted February 1, 2005  Filed February 
 4, 2005

AFFIRMED

 
 
 
Richard H. Rhodes, of Spartanburg, for Appellant.
Brendan M. Delaney, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Debra M. Knight (Wife) initiated 
 this domestic relations action against Jack Knight, Jr. (Husband).  The family 
 court awarded Wife a divorce on the ground of adultery, ordered Husband to pay 
 alimony, and made an equitable distribution of the parties assets.  Husband 
 made a Rule 60(b) motion which was denied.  He appeals the denial of this motion.  
 We affirm. [1]   
FACTS
On October 21, 2002, the family court 
 granted Wife a divorce on the ground of Husbands adultery.  The courts order 
 awarded Wife the marital home and a machine shop located adjacent to the home.  
 Additionally, Wife was given responsibility for both mortgages on the residence 
 as well as a $20,000 loan obtained to purchase machinery.  The parties agreed 
 the value of the home was $68,000.  Husband was ordered to pay $650 per month 
 in permanent, periodic alimony, and Wife was awarded attorneys fees.   
Husband did not appeal.  However, on December 20, 
 2002, Husband filed a motion pursuant to Rule 60(b), SCRCP.  Therein, Husband 
 asserted the following: (1) the valuation of the marital home was erroneous; 
 (2) the valuation of the mortgages on the home was erroneous; (3) the treatment 
 of the loan for business equipment as marital debt was erroneous; (4) the valuation 
 of Husbands pension plans was erroneous; (5) the valuation and distribution 
 of the parties personal property was erroneous; (6) Husband should have been 
 given credit for certain payments towards marital debt; (7) the valuation of 
 the machine shop equipment was erroneous; (8) due to Husbands psychological 
 condition at the time of the hearing, he was unable to completely comprehend 
 the proceedings and to assist in the presentation of the case as he should have 
 been; (9) Wife had not yet paid sums she agreed to pay for the appraisals of 
 the home and machine shop equipment; and (10) the division of marital assets 
 was erroneous.
The family court denied Husbands Rule 60(b) motion, 
 with the sole exception that Wife was ordered to pay Husband the $100 she owed 
 him for the appraisals of the marital home and the machine shop equipment.  
 Husband appeals this order, contending the court should have granted his motion 
 under Rule 60(b).  We affirm.  
LAW/ANALYSIS
Rule 60(b), SCRCP, provides, in pertinent 
 part:
On motion and upon such terms as are just, the court 
 may relieve a party or his legal representative from a final judgment, order, 
 or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;
(2)     newly discovered evidence which by due diligence 
 could not have been discovered in time to move for a new trial under Rule 59(b);
(3)     fraud, misrepresentation, or other misconduct of 
 an adverse party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released, or discharged, 
 or a prior judgment upon which it is based has been reversed or otherwise vacated, 
 or it is no longer equitable that the judgment should have prospective application.

[M]otions for relief under Rule 60(b) 
 are addressed to the discretion of the court and appellate review is limited 
 to determining whether the trial court abused its discretion.  Saro v. Ocean 
 Holiday Pship, 314 S.C. 116, 124, 441 S.E.2d 835, 840 (Ct. App. 1994) (citations 
 omitted).  A party seeking to set aside a judgment pursuant to Rule 60(b) has 
 the burden of presenting evidence entitling him to the requested relief.  Perry 
 v. Heirs at Law of Gadsden, 357 S.C. 42, 46-47, 590 S.E.2d 502, 504 (Ct. 
 App. 2003) (citing Bowers v. Bowers, 304 S.C. 65, 403 S.E.2d 127 (1991)).  
 An abuse of discretion arises where the trial judge was controlled by an error 
 of law, or where her order is based on factual conclusions that are without 
 evidentiary support.  Tri-County Ice & Fuel Co. v. Palmetto Ice Co., 
 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990). 
Husbands Rule 60(b) motion does not specify 
 upon which of the five enumerated grounds for relief his motion is based.  Husband 
 fails to demonstrate any error of law or unsupported conclusion in the courts 
 final decree.  Thus, he has not met his burden.  Further, his assertions of 
 error do not come within the ambit of any of the Rule 60(b)s five reasons for 
 granting relief.  Accordingly, we hold the family court judge was within her 
 discretion in denying the Rule 60(b) motion.  
In his brief, Husband states that [a] 
 substantial portion of the Appellants argument is based on the neglect of his 
 attorney.  He specifically contends: Appellants trial counsel did not present 
 a completed financial declaration on behalf of Appellant.  In addition, counsel 
 did not present basic information such as an inventory of the property.  Also, 
 Appellants counsel stipulated to documents which were not accurate.  Finally, 
 counsel failed to present pertinent information relating to equitable apportionment.  

Initially, we note that Husbands Rule 
 60(b) motion did not raise the issue of his trial counsels performance.  Issues 
 not raised and ruled upon in the trial court will not be considered on appeal.  
 Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 598 S.E.2d 712 (2004); 
 IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 526 S.E.2d 716 (2000).  
 Nevertheless, we find this contention meritless.  In Greenville Income Partners 
 v. Holman, 308 S.C. 105, 417 S.E.2d 107 (1992), we held the failure of an 
 attorney to interpose available defenses did not amount to the kind of mistake, 
 surprise, inadvertence, and excusable neglect contemplated by Rule 60(b).  Id. 
 at 107, 417 S.E.2d at 108.  The acts of an attorney are directly attributable 
 to and binding on his client.  Id. (citations omitted).  Consequently, 
 we disagree with Husband that his trial counsels performance justifies reversal 
 on the Rule 60(b) issue.  
CONCLUSION
For the foregoing reasons, the decision of the family court is  
 AFFIRMED.
 ANDERSON, BEATTY, and SHORT, JJ., concur. 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.