THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Tim Williams, Appellant,
v.
Douglas A. Churdar and Robert Cook, Respondents.
 
 
 

Appeal From Greenville County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2006-UP-118
Submitted February 1, 2006  Filed February 24, 2006

AFFIRMED

 
 
 
Timothy L. Williams, of Columbia, for Appellant.  
Curtis L. Ott, of Columbia and David L. Moore, of Greenville, for Respondents. 
 
 
 

PER CURIAM:  Tim Williams appeals several evidentiary rulings by the trial court and complains about the conduct of his own attorney in the trial of this case in which he sued his former employer for malicious prosecution, defamation and other claims.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  State v. Carlson, 363 S.C. 586, 606, 611 S.E.2d 283, 293 (Ct. App. 2005) (citing State v. Patterson, 324 S.C. 5, 18, 482 S.E.2d 760, 766 (1997), for the proposition that where an appellant objects to improper comments and the objection is sustained the issue is not preserved unless the appellant further moves to strike or requests a curative instruction); Elam v. South Carolina Dept of Transp., 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) (Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.); Hillman v. Pinion, 347 S.C. 253, 257, 554 S.E.2d 427, 430 (Ct. App. 2001) (explaining that the neglect of the attorney is the neglect of the client, and no mistake attributable to an attorney can be used as a basis for relief on appeal unless the mistake would have been excusable if attributed to the client); Cogdill v. Watson, 289 S.C. 531, 537, 347 S.E.2d 126, 130 (Ct. App. 1986) (The failure to make an objection at the time evidence is offered constitutes a waiver of the right to object.).[1]  
AFFIRMED.
GOOLSBY, HUFF and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.