THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Transportation, Respondent,
v.
Keith Buckles and G.L. Buckles, Landowners, and Ronald Paul, Lessee and Sang Kim, Lessee,
Defendants,
Of Whom Ronald Paul is the Appellant.
 
 
 

Appeal From Richland County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-360  
Submitted September 1, 2006  Filed October 23, 2006 

AFFIRMED

 
 
 
Ronald I. Paul, of Columbia, for Appellant.
Mary Frances Jowers; Clifford O. Koon, Jr.; Paul D. de Holczer, of Columbia, for Respondent.
 
 
 

PER CURIAM: In this condemnation proceeding, Ronald Paul, a lessee of condemned land, appeals the circuit courts award of $2,450.00 for the taking of his leasehold interest.  We affirm[1]  pursuant to Rule 220, SCACR, and the following authorities: 
Issues I, III, IV, and V:  Gray v. S. C. Dept of Hwys. & Pub. Transp., 311 S.C. 144, 153, 427 S.E.2d 899, 904 (Ct. App. 1993) (stating the business conducted upon the condemned property may not be considered as a component of the market value, unless the business enhances the value of the real estate and that in valuing a leasehold interest, the measure of damages is the value of the use and occupancy of the leasehold for the remainder of the tenants term, plus the value of the right to renew the lease, less the rent which the tenant would pay for such use and occupancy.);  McCall v. Finley, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct.App.1987) (Whatever doesnt make any difference, doesnt matter.);     
Issue II:  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.);
Issue VI:  Hillman v. Pinion, 347 S.C. 253, 257, 554 S.E.2d 427, 430 (Ct. App. 2001) (The general rule is that the neglect of the attorney is the neglect of the client, and no mistake attributable to an attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client.);  Greenville Income Partners v. Holman, 308 S.C. 105, 107, 417 S.E.2d 107, 108 (Ct. App. 1992) (stating the acts of an attorney are directly attributable to and binding on his client).  
AFFIRMED.
HEARN, C.J. and HUFF and STILWELL, JJ. concur.  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.