THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ingomar Limited
 Partnership, a Nevada Limited Partnership, Respondent,
 v.
 Michael S.
 Eidemiller a/k/a Michael Eidemiller, Martha Eidemiller, Grand Strand Water
 & Sewer Authority, and the United States of America by and through the
 Internal Revenue Service, Defendants,
 Of Whom 
 Michael S. Eidemiller
 a/k/a Michael Eidemiller and Martha Eidemiller are Appellants.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master-in-Equity

Unpublished Opinion No.   2010-UP-002
 Submitted November 2, 2009  Filed January
11, 2010 

AFFIRMED

 
 
 
 William Isaac Diggs, of Myrtle Beach, for Appellants.
 J. Kershaw Spong, of Columbia and Larry Cohen, of Charleston, for
 Respondent.
 
 
 

PER CURIAM: Michael S. Eidemiller and Martha
 Eidemiller appeal the
 master-in-equity's denial of their motion for relief from judgment under Rule
 60(b), SCRCP.  They contend they were mistaken as to the consequences of
 signing a document entitled "Consent
 Master's Decree and Judgment of Foreclosure and Sale."  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: Hillman v. Pinion, 347 S.C. 253, 256, 554 S.E.2d
 427, 429 (Ct. App. 2001) ("[Rule 60(b)(1)] is an appropriate remedy for
 good faith mistakes of fact if all other applicable factors are met.  However,
 a party may not generally use Rule 60(b)(1) as a vehicle for relief from a
 mistake of law."); Coleman v. Dunlap, 306 S.C. 491, 495, 413 S.E.2d
 15, 17 (1992) (holding a party must show failure to avoid the alleged mistake
 was justified); Regions Bank v. Schmauch, 354 S.C. 648, 663-64, 582
 S.E.2d 432, 440 (Ct. App. 2003) (recognizing the well-settled proposition that a
 party is charged with learning the contents of a document before he signs it); Hillman,
 347 S.C. at 257, 554 S.E.2d at 429 (holding the "acts of an attorney are
 directly attributable to and binding on his client"); Auto-Owners Ins. Co. v. Rhodes, 385 S.C. 83, 93, 682 S.E.2d 857, 863 (Ct. App. 2009) (stating the movant in a Rule 60(b) motion has the burden
 of presenting evidence proving the facts essential to relief).
AFFIRMED.
HEARN, C.J., and SHORT and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant
 to Rule 215, SCACR.