705 S.E.2d 472

Alba MATUTE, Employee, Appellant,

v.

**PALMETTO HEALTH BAPTIST, Employer, Respondent,**

and

**Key Risk Management Services, Inc., Carrier, Respondent.**

No. 4777.

Court of Appeals of South Carolina.

Submitted Dec. 1, 2010.

Decided Jan. 19, 2011.

Rehearing Denied Feb. 28, 2011.

C. Daniel Vega, of Columbia, for Appellant.

Michael E. Chase and Carmelo B. Sammataro, both of Columbia, for Respondents.

WILLIAMS, J.

Alba Matute (Matute) appeals the appellate panel of the Workers' Compensation Commission's (appellate panel) decision to deny her benefits after she fell on the sidewalk outside

Palmetto Health Baptist Hospital (Palmetto Baptist) and broke her wrist. Matute claims the appellate panel erred in reversing the single commissioner's decision to award her temporary total disability benefits and causally related medical treatment on two grounds: (1) Palmetto Baptist failed to timely appeal the single commissioner's order; and (2) Matute established she suffered a compensable work-related injury. We affirm.

## FACTS

At the time of Matute's injury, she was fifty-three years old and had been a resident of the United States for nineteen years. She emigrated from Honduras to Miami, Florida, and subsequently moved with her husband to Columbia, South Carolina, more than six years ago. Since residing in Columbia, Matute has worked in the housekeeping department at Palmetto Baptist.

On March 20, 2008, Matute completed her shift at Palmetto Baptist, clocked out, and approximately ten minutes later, she exited the emergency room lobby onto Sumter Street. After turning right onto Sumter Street, Matute fell on the sidewalk and broke her right wrist. She testified it was "an unexpected stumble," and she fell because she "brushed the end of the shoe one against the other." At the hearing before the single commissioner, Matute stated the sidewalk was level and free of defects. When questioned, Matute testified her route out of Palmetto Baptist was neither the exclusive nor required means of ingress and egress, but she typically used that exit because the bus stop was located across the street from that exit. On the day of her accident, she was not taking the bus home. Matute subsequently returned to work and resumed using the same exit.

After her accident, Matute timely filed a Form 50, requesting a hearing and seeking temporary total disability benefits as well as medical treatment for her right wrist. Palmetto Baptist responded with a Form 51, denying Matute suffered a compensable work-related injury. After a hearing on August 15, 2008, the single commissioner found Matute's injury was compensable on the ground that she injured herself within a reasonable time and distance after her shift ended. The single commissioner issued a written order bearing a "re-

ceived" stamp dated September 22, 2008, and a certificate of service stamp dated September 24, 2008. Palmetto Baptist asserted it never received the order on that date and was not in receipt of the order until it inquired to the single commissioner on October 24, 2008, as to whether an order had been filed. After receiving the order by facsimile, Palmetto Baptist promptly filed a Form 30 to request commission review on October 28, 2008. Palmetto Baptist's appeal was administratively dismissed because its appeal was filed outside the fourteen-day appeal period prescribed by South Carolina Code of Regulations 67–701(A) (Supp.2009).

Palmetto Baptist appealed, and the full commission of the Workers' Compensation Commission (full commission) [1] found good cause existed to reinstate the appeal. The appellate panel then reversed the single commissioner on the merits, finding Matute's injury was not compensable on three grounds: (1) Matute was not on Palmetto Baptist's premises at the time of her injury; (2) Matute's injury did not fall within any recognized exception to the "going and coming" rule; and (3) no causal relationship existed between Matute's fall and her employment. This appeal followed.

## STANDARD OF REVIEW

▇▇ When reviewing an appeal from the Workers' Compensation Commission, this court may not weigh the evidence or substitute its judgment for that of the appellate panel as to the weight of evidence on questions of fact. *Therrell v. Jerry's Inc.*, 370 S.C. 22, 25, 633 S.E.2d 893, 894–95 (2006). However, this court may reverse the appellate panel's decision if it is based on an error of law. *Id.*

## LAW/ANALYSIS

### 1. Jurisdiction to Reinstate Appeal

▇▇ Matute claims the full commission erred in reinstating Palmetto Baptist's appeal because Palmetto Baptist failed to

---

1. A six-member full commission panel, exclusive of the original hearing commissioner, determines whether good cause exists to reinstate an appeal that has been administratively dismissed; whereas, a three-member appellate panel, exclusive of the original hearing commissioner, reviews an order on appeal from a single commissioner. *See* S.C.Code Ann. § 42–3–20 (Supp.2009).

timely appeal the single commissioner's decision. We disagree.

Regulation 67–701 states:

Either party or both may request Commission review of the Hearing Commissioner's decision by filing the original and three copies of a Form 30, Request for Commission Review, with the Commission's Judicial Department within fourteen days of the day the Commissioner's order *is received.* . . . The Commission will not accept for filing a Form 30 that is not postmarked or delivered to the Commission by the fourteenth day from the date *of receipt* of the Hearing Commissioner's order.

25A S.C.Code Ann. Regs. 67–701 (Supp.2009) (emphasis added). Despite the mandates of Regulation 67–701, "[a]n appeal administratively dismissed by the Judicial Department may be reinstated for a good cause upon motion to the Commission." 25A S.C.Code Ann. Regs. 67–705(H)(4) (Supp.2009).

The full commission's determination that Palmetto Baptist demonstrated good cause to reinstate its appeal is supported by the record. The single commissioner received Matute's proposed order on September 22, 2008, as evidenced by the "received front desk" stamp on the order.[2] The certificate of service on the order stated a copy of the order was mailed first-class to all parties on September 24, 2008. However, Palmetto Baptist claimed it never received an order, either due to inadvertent improper service or nonservice, until it inquired to the single commissioner on October 24, 2008. Palmetto Baptist timely filed a Form 30 four days after it received the order as required by Regulation 67–701. *See* Regs. 67–701 (stating a party may request commission review "within fourteen days of the day the Commissioner's order *is received* ") (emphasis added).

Because the full commission has the discretion to reinstate an appeal pursuant to Regulation 67–705, and Palmetto Baptist demonstrated good cause as to why it did not file its Form

2. Despite the commissioner's office receiving the order on September 22, 2008, the cover letter from Matute's counsel that accompanied the proposed order was dated September 23, 2008, the day *after* it was purportedly received by the single commissioner.

30 until October 28, 2008, the full commission was within its discretion to reinstate Palmetto Baptist's appeal.

## 2. Compensability of Injury

 Matute contends the appellate panel erred in reversing the single commissioner's award because Matute suffered a compensable work-related injury. We disagree.

 As a general rule, an employee going to or coming from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment, and, therefore, an injury sustained by accident at such time does not arise out of and in the course of his employment. *Gray v. Club Group, Ltd.,* 339 S.C. 173, 188, 528 S.E.2d 435, 443 (Ct.App.2000). However, South Carolina has recognized a number of exceptions to this rule, including the following: (1) in going to and returning from work, the means of transportation is provided by the employer, or the time that is consumed is paid for or included in the wages; (2) the employee, on his way to or from his work, is still charged with some duty or task in connection with his employment; (3) the way used is inherently dangerous and is either the exclusive way of ingress and egress to and from his work or constructed and maintained by the employer; (4) the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the employee in going to and coming from work; or (5) an employee sustains an injury while performing a special task, service, mission, or errand for his employer, even before or after customary working hours, or on a day on which he does not ordinarily work. *Id.* at 188–89, 528 S.E.2d at 443.

None of the exceptions to the "going and coming" rule apply under these circumstances. The following evidence supports this conclusion: (1) Palmetto Baptist did not provide Matute with transportation to and from work nor did it pay for her transportation; (2) Matute was not fulfilling any duty or task in connection with her employment at Palmetto Baptist when she fell; (3) Matute's route into and out of the hospital was neither the exclusive nor the required means of entry or exit nor was it inherently dangerous; (4) the Sumter Street crosswalk was open to pedestrian traffic on the date of Matute's

fall, but she chose not to use the crosswalk when exiting the hospital; (5) Matute was on a public sidewalk when she fell; and (6) Palmetto Baptist does not own, maintain, or control the sidewalk on which Matute fell. Thus, we hold the appellate panel properly reversed the single commissioner.

## CONCLUSION

Accordingly, the appellate panel's decision is

**AFFIRMED.**[3]

FEW, C.J., and SHORT, J., concur.

---

3. We decide this case without oral argument pursuant to Rule 215, SCACR.