**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Misty A. Morris, Claimant,

v.

BB&T Corporation, d/b/a BB&T Bank, Employer, and Hartford Accident & Indemnity Co., Carrier,

IN RE: Attorney's Fee Petition of David Proffitt, Appellant,

v.

South Carolina Workers' Compensation Commission, Respondent.

Appellate Case No. 2018-000532

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2020-UP-235
Submitted June 1, 2020 – Filed August 12, 2020
Withdrawn, Substituted, and Refiled November 4, 2020

**AFFIRMED**

Robert David Proffitt, of Proffitt & Cox, LLP, of Columbia, for Appellant.

James Keith Roberts, of the South Carolina Workers' Compensation Commission, of Columbia, for Respondent.

_____

**PER CURIAM:** David Proffitt appeals the Workers' Compensation Commission's (the Commission's) denial of his motion to reinstate his appeal. On appeal, he argues (1) the Commission's denial of his motion constitutes an abuse of discretion and was the product of an unlawful procedure, and (2) the Commission's refusal to reinstate his appeal violates his constitutional and statutory rights to due process. We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:

1. We hold the Commission did not abuse its discretion in determining Proffitt failed to establish good cause for the reinstatement of his appeal. The evidence in the record shows Proffitt's only justification for reinstating his appeal is that he made an honest mistake in calendaring the deadline for his appellate brief—which the Commission provided in the Form 31. Thus, we find no basis to reverse the Commission's determination that Proffitt failed to establish good cause for reinstatement. *See Matute v. Palmetto Health Baptist*, 391 S.C. 291, 294, 705 S.E.2d 472, 474 (Ct. App. 2011) ("When reviewing an appeal from the Workers' Compensation Commission, this court may not weigh the evidence or substitute its judgment for that of the appellate panel as to the weight of evidence on questions of fact."); S.C. Code Ann. Regs. 67-704(D) (2012) ("The appellant [in cases in which the Commission has issued a Form 31] must file his or her brief according to . . . R.67-705 on or before the date stated on the Form 31."); S.C. Code Ann. Regs. 67-705(H)(3) (2012) ("If the appellant fails to file a brief within ten days of receipt of the Form 31, the [Commission] may remove the case from the review hearing docket by issuing an administrative order dismissing the appeal."); S.C. Code Ann. Regs. 67-705(H)(4) (2012) ("An appeal administratively dismissed by the [Commission] *may* be reinstated for a good cause upon motion to the Commission." (emphasis added)).

2. We hold the Commission's denial of Proffit's motion to reinstate his appeal did not violate his right to procedural and substantive due process. Proffitt's request for commission review was administratively dismissed pursuant to regulations 67-705(H)(3) and (H)(4). *See* S.C. Code Ann. Regs. 67-705(H)(3) (2012) ("If the appellant fails to file a brief within ten days of receipt of the Form 31, the [Commission] may remove the case from the review hearing docket by issuing an administrative order dismissing the appeal."); S.C. Code Ann. Regs. 67-705(H)(4) (2012) ("An appeal administratively dismissed by the [Commission] *may* be

reinstated for a good cause upon  motion to the Commission." (emphasis added)).
Subsequently, the Commission denied Proffitt's motion to reinstate pursuant to
regulation 67-705(H)(4)(b), of the South Carolina Code (2012).  *See* S.C. Code
Ann. Regs. 67-705(H)(4)(b) (2012) ("The motion [to reinstate] will be heard by the
Full Commission without oral argument or appearance of the party.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.