# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Tammy Jordan, Respondent,

v.

The Hartford Financial Group, Inc., Resurgent Capital Services, Employer, Interstate Contact Cleaning Services, Inc. Third Party Tortfeasor,

Of which The Hartford Financial Group, Inc. is the Appellant.

Appellate Case No. 2019-001190

————————————

Appeal From The Workers' Compensation Commission

————————————

Opinion No. 5879
Submitted November 1, 2021 – Filed December 8, 2021

————————————

## REVERSED AND REMANDED

————————————

Stephen Thomas Anderson, of Jordan Law Center, LLC, of Greenville, for Appellant.

Richard L. Patton, of Patton Law Firm, of Greenville, for Respondent.

————————————

**HILL, J.:** This worker's compensation matter began when Hartford Financial Group, Inc. sought to enforce a lien against a settlement received by Tammy Jordan. A single commissioner denied Hartford's motion, and Hartford appealed to the full commission. A Form 31 Briefing Schedule and Notice of Appellate Hearing was served on all parties April 12, 2019. The Form advised that Appellant's brief was

due on May 12, 2019, and that Regulation 67-705(A) required Appellant to file a brief. The Form further stated that Respondent "may" file a brief within fifteen days of service of Appellant's brief. The Form did not state that an appeal could be dismissed for failure to timely file a brief. The Form was captioned "*Sherman Financial v. Tammy A. Jordan*" and does not identify who the Appellants or Respondents are.

Upon receiving the Form 31, Hartford's counsel asked his paralegal to log the relevant dates on his calendar. The paralegal mistakenly thought Hartford was the Respondent and accidentally calendared that its brief was due on May 27, 2019.

On May 23, 2019, the commission dismissed Hartford's appeal for failure to file its brief by May 12. The next day, Hartford's counsel moved to reinstate its appeal. The motion, which included the paralegal's affidavit explaining the mix-up, asked the commission to reinstate the appeal for good cause due to the "honest human mistake." On June 17, 2019, the commission, without explanation, denied Hartford's motion to reinstate. Hartford now appeals to us. We reverse, reinstate the appeal and remand so Hartford's appeal may proceed.

## I.

### A. *Standard of Review*

Our standard of review of a decision of the South Carolina Workers' Compensation Commission is the familiar one established by § 1-23-380(5), which, as relevant here, allows us to "reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." S.C. Code Ann. § 1-23-380(5) (2008).

Using this yardstick, we must consider how the commission's denial of Hartford's motion to reinstate measures up. The commission is free to reinstate an appeal for "good cause," a term the regulations do not further define. *See* S.C. Code Ann. Regs. 67-705(H)(4) (2012).

### B. *Good Cause*

Why the commission did not deem Hartford's miscalendaring good cause is a mystery, for the Form Order does not mention the phrase or cite the controlling

regulation. We cannot determine if the commission recognized it had the discretion to consider Hartford's all too human blunder to be sufficient good cause to allow its appeal to march on. *See State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 656 (2006) (abuse of discretion occurs "when the trial court is vested with discretion, but the ruling reveals no discretion was exercised."); *State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("It is an equal abuse of discretion to refuse to exercise discretionary authority when it is warranted as it is to exercise the discretion improperly."). The good cause standard exists to ensure the interests of justice are protected even when a party missteps, so a harmless procedural foot fault does not spring a trap door that mindlessly jettisons innocent parties out of court, regardless of the circumstances.

Rules are rules, and due dates matter. The rule of good cause is also a rule. A tribunal cannot strictly enforce due dates but ignore good cause. When that happens, the decision has left discretion's range and wandered into the arbitrary. An agency decision is arbitrary within the meaning of § 1-23-380(5)(f) "if it is without a rational basis, is based . . . not upon any course of reasoning and exercise of judgment, is made at pleasure, without adequate determining principles, or is governed by no fixed rules or standards." *Daufuskie Island Util. Co. v. S.C. Off. of Regul. Staff*, 427 S.C. 458, 464, 832 S.E.2d 572, 575 (2019) (citations omitted). The American tradition of rule of law has recognized from its earliest days that a "motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *United States v. Burr*, 25 F. Cas. 30, 35 (C.C.D. Va. 1807) (Marshall, C.J.); *see also Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005) ("Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike.").

We have held that an Administrative Law Judge acted arbitrarily by dismissing an appeal when a party's lawyer did not appear for court due to a calendar mishap. *See Mictronics, Inc. v. S.C. Dep't of Rev.*, 345 S.C. 506, 511, 548 S.E.2d 223, 226 (Ct. App. 2001) ("We find no evidence in the record that the mistake was anything but a good faith error, as shown by [counsel's] explanation coupled with his speed in asking the ALJ for rehearing."). We have also held good cause exists to set aside a default granted because the answer was received one day late. *Columbia Pools, Inc. v. Galvin*, 288 S.C. 59, 61, 339 S.E.2d 524, 525 (Ct. App. 1986) ("[W]here there is a good faith mistake of fact, and, no attempt to thwart the judicial system, there is basis for relief."). These cases recognize, as we do again today, that the practice of law is challenging enough without having to endure the overbearing enforcement of technicalities when prejudice is absent from the scene.

To be sure, miscalendaring is not always good cause. But a reflexive refusal to consider that a calendaring mistake could be good cause is an abuse of discretion. Some decisions have refused to find the neglect of a party's lawyer or agent in forwarding a summons or other time-triggering paperwork sufficient good cause to set aside a default, but those cases dealt with degrees of carelessness and periods of inattention far greater than we have here, and none tossed a party out of court for not timely filing a brief at a later stage of a perfected case. *See, e.g.*, *Campbell v. City of North Charleston*, 431 S.C. 454, 848 S.E.2d 788 (Ct. App. 2020); *Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 463 S.E.2d 636 (Ct. App. 1995). It bears mention that these decisions also illustrate how, rather than resolving a case, a trial court's inflexibility in applying procedural rules can inspire appeals resulting in awkward showdowns at the farthest ends of discretion's range.

We also point out the commission has been less than consistent in dealing with motions to reinstate dismissed appeals. *See Matute v. Palmetto Health Baptist*, 391 S.C. 291, 705 S.E.2d 472 (Ct.App.2011) (affirming the commission's reinstatement of appeal based on good cause where party claimed it never received order of single commissioner). Administrative agencies may insist upon strict compliance with filing deadlines, but to survive a challenge of arbitrariness, they must act consistently and with a rationale that reflects the appropriate discretionary factors were considered and touched upon. The touchstone here is good cause, a standard designed to excuse honest, harmless human mistakes so a case may be judged on its merits rather than its missteps. *See S.C. Ins. Co. v. James C. Greene & Co.*, 290 S.C. 171, 188, 348 S.E.2d 617, 626 (Ct. App. 1986) ("The law, however, is not merely an exercise of judicial power through the mechanical manipulation of rules; it is an organic body of principles rooted in reason, ethics, and human experience. The reason for a rule must control the application of the rule[.]").

We therefore hold the commission's summary denial of Hartford's motion to reinstate without rational analysis of the good cause standard was arbitrary and an abuse of discretion. We reinstate the appeal and remand so the appeal may proceed.

**REVERSED AND REMANDED.** [1]

**KONDUROS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.